THE STATE OF OHIO, APPELLANT, *v.* NILES, APPELLEE.

(No. 13788—Decided
February 15, 1989.)

*Philip D. Bogdanoff,* assistant prosecuting attorney, for appellant.
*L. Ray Jones,* for appellee.

MAHONEY, P.J. The state of Ohio appeals from the decision of the trial court denying the state's motion for the forfeiture of a car pursuant to R.C. 2933.43. We affirm.

## Facts

The trial court found that:

"On September 15, 1987, defendant and her sister, co-defendant Georgia Andrea, were seated in defendant's 1982 Honda Civic in a parking lot at Blossom Music Center. Detectives Pizzute and McCutcheon, who were patrolling the lot looking for criminal activity, observed Georgia Andrea bent over something in her lap. Suspecting drug use, the detectives approached the car and saw that Ms. Andrea was using cocaine. Defendant was not using cocaine. Her purse was searched, however, and a small quantity of cocaine was found therein.

"Defendant was arrested and her automobile was seized at the scene. On December 4, 1987, almost three months after the automobile was seized, the state filed a Petition for Forfeiture. On December 23, 1987, defendant pled no contest and was found guilty of drug abuse, as charged in Count One of the indictment."

The trial court denied the state's motion for forfeiture under R.C. 2933.43 on three grounds. First, the trial court found "that the car was not being 'used' for any purpose related to the cocaine but instead was incidental thereto." As such, the trial court concluded that the presumption set forth in R.C. 2933.42(B) was rebutted. This is the presumption that a car "in or on which contraband is found at the time of seizure has been, is being, or is intended to be used in a violation of division (A) of this section." R.C. 2933.42(A) reads that "[n]o person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband."

The court also found that the forfeiture statute, R.C. 2933.43, was unconstitutional as applied to this case. Relying on *State* v. *Lilliock* (1982), 70 Ohio St. 2d 23, 24 O.O. 3d 64, 434 N.E. 2d 723, the trial court said that there was "* * * no relation between the loss of right to possession of the vehicle and any legitimate state interest. The state certainly has an interest in controlling drug abuse. The state's efforts to control cocaine use go a long way toward reducing the devastating effects of illegal drugs on our society. However, such controls must be imposed in a fair, non-discriminatory manner. Mandatory fines for persons convicted of cocaine possession in Ohio impose a severe and evenhanded penalty upon drug abusers. The forfeiture statute, however, as the state urges its application in this case, would impose a far more severe penalty upon a defendant with a new car with no liens than it would upon a defendant with an older car or one encumbered with liens. Such distinctions have no relation whatsoever to the crime charged, and such discriminatory and unreasonable seizures would serve no legitimate state purpose."

Finally, the trial court found that the state failed to comply with the procedural requirements for forfeiture.

The state assigns one error in its challenge to each of the grounds upon which the trial court based its decision.

### Assignment of Error

"The trial court erred in denying the state's petition for forfeiture and ordering the Summit County Sheriff to return the defendant's car."

We affirm the trial court based on the state's failure to comply with the procedural requirements of R.C. 2933.43(C). We therefore do not address the constitutionality of the statute or whether the presumption established by R.C. 2933.42(B) was rebutted.

R.C. 2933.43(C) reads, in part, as follows:

"*Upon the seizure of contraband* pursuant to division (A) of this section, the prosecuting attorney, * * * or similar chief legal officer who has responsibility for the prosecution of the underlying criminal case * * * *shall* file a petition for the forfeiture, to the seizing law enforcement agency, of the seized contraband. The petition shall be filed in the court of common pleas of the county that has jurisdiction over the underlying criminal case or administrative proceeding involved in the forfeiture. * * * *" (Emphasis added.)

A statute must be interpreted according to the common meaning of the statutory language. *State* v. *Hix* (1988), 38 Ohio St. 3d 129, 131, 527 N.E. 2d 784, 787. In this situation, however, the state argues that substantial compliance with the statute is sufficient and that a delay of seventy-nine days in filing a petition of forfeiture is reasonable. We disagree! Forfeitures are not favored in law or equity and we must construe R.C. 2933.43 strictly. *Lilliock* at 25, 24 O.O. 3d at 65, 434 N.E. 2d at 725.

In support of its argument, the state cites other common pleas court decisions that have granted forfeiture when there has been a similar delay in filing. We choose not to follow their rationale. The legislature has spoken clearly and required that the petition for forfeiture must be "filed upon the seizure of the contraband." Certainly seventy-nine days is neither "upon seizure" nor a reasonable time. If the parameters of procedural requirements are to be interpreted so broadly, it is the legislature which must instruct us to do so.

Accordingly, we overrule the state's assignment of error and affirm the trial court's decision.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.