**The STATE of Ohio, Appellant,**

v.

**CLARK, Appellee.**

[Cite as *State v. Clark* (1989), 63 Ohio App.3d 52.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55402.

Decided May 22, 1989.

*John T. Corrigan,* Prosecuting Attorney, and *Patricia A. Cleary,* Assistant Prosecuting Attorney, for appellant.

*Michael Greenwald,* for appellee.

DYKE, Judge.

Appellant, state of Ohio, appeals the judgment entered by the Cuyahoga County Court of Common Pleas denying its application for forfeiture of $18,628.

Appellee Charles Clark and his brother, Gregory Clark, were indicted under a two-count indictment alleging the offense of possession of criminal tools (R.C. 2923.24) to wit: scales and strainer under count one, and guns and sawed-off shotgun under count two.

The charges stemmed from a search conducted of appellee's home. The warrant sought permission to search the premises for cocaine. The police did not discover any cocaine but did seize four handguns, a sawed-off shotgun, and a rifle. Also found in appellee's bedroom was a safe and a black bag. Both contained the total of $18,628 in cash.

Ultimately, the appellee pled guilty to count two of the indictment, possession of guns and a sawed-off shotgun. Prior to sentencing, appellee filed motions seeking the release of the $18,628 that was seized from his home.

Appellant, state of Ohio, pursuant to R.C. 2933.41, filed its motion for forfeiture of the cash seized. The state of Ohio claimed that a George Coleman was buying drugs from appellee and that his testimony would link the cash found in appellee's home to drug activity.[1]

The trial court held three hearings on the respective motions. On December 28, 1987, the date of the first hearing, the state of Ohio informed the court that they had subpoenaed George Coleman. Coleman never appeared and in his absence the state proffered what it believed his testimony would show.

The trial court ruled that in the absence of any evidence presented by the state, it could not speculate or guess as to the origins and use of the cash seized. The court overruled the state's petition for forfeiture and granted the appellee's motion for release of personal property.

On January 7, 1988, the trial court granted the state another opportunity to present evidence in support of its petition for forfeiture of the cash seized. The record of this hearing reveals that the state for quite some time argued that its petition for forfeiture should be granted because the defendant-appellee failed to sufficiently show *ownership* of the cash seized. The state's position was that the cash found was contraband but when asked by the court how the money related to the conviction for criminal tools was unable to explain. The state argued that the money, "by its nature, * * * cannot be returned." The state of Ohio in attempting to show that the money seized was related to drug activity claimed that the appellee should be required to take the stand and the state allowed to cross-examine him. The state argued that appellee possessed no Fifth Amendment rights on the issue of ownership of the money.

Appellee took the stand but in response to the state's questions as to ownership and origins of the money, appellee, on the advice of counsel, refused to answer on the grounds that it may incriminate him. At the end of the cross-examination, the state informed the court that it was unable to call forth any other witnesses because of pending drug investigations. The state then requested a continuance in order to present three witnesses at a later time. Defendant-appellee submitted an affidavit which stated that the seized cash belonged to him. The trial court ruled that defendant-appellee successfully, by way of affidavit, established that he was the owner of the money. The trial court further granted the state another continuance to February 1988 in order to permit the state to bring in its witnesses who it claimed would show that the money was in fact contraband.

---

1. The appellee also sought return of all property seized during the search.

On February 29, 1988, the court once again convened in order for the state to present evidence on its petition for forfeiture. The state requested the court to compel the defendant-appellee to answer questions on cross-examination. The state argued that defendant-appellee had not established ownership of the funds. The state at this hearing did not present any evidence whatsoever linking the cash to illegal drug activity.

The court ruled:

"The Court has, in effect, bent over backwards to give the State every opportunity to prove its claim in the case which started as a drug raid which apparently provided no drugs and resulted in a plea * * * to possession of criminal tools * * *. The police seized some other property, most notable [of] which was a great deal of cash, in excess of $17,000.00. * * * Alleging it was the fruit of illegal activity, which it may have been. We have no drugs. We have no evidence relative to drug activity.

"We have representation of the prosecutor if such evidence exists, she can't bring it in, because it will interfere with other investigations, and there was to be a witness who was awaiting a presentence report, and the last time we were here, that was going to testify. For whatever reason, he's not here.

"The Court really has no alternative, considering the evidence, considering the fact the State does have a requirement to prove a right to confiscate particular property. The Court has no alternative but to grant the Defendant's Motion for Return of the Property and overrule the State's Motion for Forfeiture."

The state raises the following assignment of error in response to the trial court's denial of its petition for forfeiture:

"The trial court abused its discretion in ordering the return of property without a full hearing."

Appellant argues that the trial court did not allow it to put forth evidence to establish ownership of the funds, or to challenge appellee's affidavit that the money was his. The state argues that it should have been permitted to call the appellee and cross-examine him on the issue. The state concludes that, under the present circumstances, the trial court erred in denying the state's petition for forfeiture.

The state's contentions lack merit.

The state's forfeiture complaint was based on R.C. 2933.41, which allows a government unit, which is in possession of seized property, to bring an action to determine the rights of other persons in such property.

R.C. 2933.41 states in relevant part:

"(A) Property that has been *lost, abandoned, stolen, seized pursuant to a search warrant, or lawfully seized or otherwise forfeited,* and that is in the custody of a law enforcement agency, shall be safely kept pending the time it is no longer needed as evidence, and shall be disposed of pursuant to this section.

" * * *

"(C) A person loses any right he may have to possession of property if either of the following apply:

"(1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and such person is a conspirator, accomplice, or offender with respect to the offense;

"(2) When a court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of such person, it is unlawful for him to acquire or possess the property." (Emphasis added.)

R.C. 2933.41 is a forfeiture statute and as such must be construed against the state. *State v. Lilliock* (1982), 70 Ohio St.2d 23, 24 O.O.3d 64, 434 N.E.2d 723. Further, the proceedings under a property disposition are criminal in nature but civil in form. *Lilliock, supra.* The state of Ohio therefore had to prove its case by a preponderance of the evidence. *Chagrin Falls v. Loveman* (1986), 34 Ohio App.3d 212, 517 N.E.2d 1005. The issue before this court is whether the state proved by a preponderance of the evidence that the cash was contraband. The issue is not, as appellant has phrased it, whether the trial court abused its discretion.

The state contends that the money was property forfeited under R.C. 2933.41(C)(2). A prerequisite to reaching R.C. 2933.41(C)(2) is a determination of whether R.C. 2933.41(C) is met, *i.e.,* whether a person may have a right to possession of the property so that he loses this right if R.C. 2933.41(C)(1) or (C)(2) applies. According to Black's Law Dictionary (5 Ed.1979), at 1047, "possession" is defined as follows: "The detention and control, or the manual or ideal custody, of anything which may be the subject of property, for one's use and enjoyment, either as owner or as the proprietor of a qualified right in it, and either held personally or by another who exercises it in one's place and name. * * * "

Applying this definition, we find that appellee was entitled to possession of the funds. Appellee had control of the money for his use and enjoyment and further swore that these funds did indeed belong to him. The trial court did not err in finding appellee to have possession of the money.

The next issue becomes whether the state showed by a preponderance of the evidence that the provisions of R.C. 2933.41(C)(2) were satisfied.

Initially we note that in applying R.C. 2933.41(C)(2), money is not by its very nature unlawful to possess. *Chagrin Falls, supra.* Rather, " '[i]t is the circumstances of the person that converts an otherwise lawful possession into one that costs the penalty of forfeiture upon either its acquisition or possession.' " *Chagrin Falls, supra,* at 217, 517 N.E.2d at 1010, citing *Dayton v. Boddie* (1984), 19 Ohio App.3d 210, 211, 19 OBR 354, 356, 484 N.E.2d 171, 173. The Chagrin Falls court interpreted personal circumstances to include a person under a firearm restriction, a person under some sort of legal disability, or a person unfit to possess the money. The state of Ohio in this case did not present any evidence whatsoever to show that appellee fell into any of these categories.[2]

■ In the present case, the state of Ohio argued that the seized cash was linked to illegal drug sales/trafficking. The state on three occasions was unable to and never did produce any evidence whatsoever linking the possession of weapons conviction to the possession of cash. It must be remembered that appellee pled guilty to the possession of weapons charge and further that the police found absolutely no drugs in their search of appellee's home. The court conducted a full adversary hearing on the state's forfeiture petition and further on the state's request, allowed it two additional opportunities to present evidence showing that the circumstances of the appellee's possession of the cash was unlawful. The state failed to produce evidence and instead chose to substitute argument and proffer. The state never presented the arresting officers or the witnesses who it claimed could clearly establish the prerequisites of R.C. 2933.41. The state was unable to establish its burden of proving that the seized cash was the fruits of criminal activity, in this instance drug trafficking.

■ The trial court afforded the state every opportunity to meet its burden. The state's argument that it was incumbent upon appellee to disprove ownership is incorrect. This court in *Chagrin Falls, supra,* specifically stated that lawful possession can be established by means of constructive possession. Lastly, appellant's claim that it had an absolute right to elicit responses from the appellee on cross-examination is also ill-founded. Pursuant to the Fifth Amendment to the United States Constitution, no individual has to respond to state questioning if he feels his responses could somehow incriminate him.

---

2. We use these categories as examples of when money is by its nature unlawful. These categories are not intended to be inclusive of those types of situations.

The state did not have an absolute right to prove its case through the testimony of defendant-appellee.

Because the state did not establish that defendant-appellee used the cash in the commission of an offense, or by reason of disability it was unlawful for him to acquire or possess the cash, the trial court's denial of the forfeiture petition is affirmed.

Appellant's assignment of error is without merit.

*Judgment affirmed.*

MATIA, P.J., and NAHRA, J., concur.