The STATE of Ohio, Appellee,

v.

GOLSTON, Appellant.

[Cite as *State v. Golston* (1990), 66 Ohio App.3d 423.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56921.

Decided June 4, 1990.

*John T. Corrigan,* Prosecuting Attorney, and *Brian McGraw,* for appellee.

*Julius E. Kovacs & Assoc. Co., L.P.A.,* and *Lawrence G. Sheehe, Jr.,* for appellant.

ANN MCMANAMON, Judge.

Theoplas Golston contests the forfeiture of numerous items of personal property and cash Cleveland police took from his residence. He urges that the state failed to demonstrate, by a preponderance of the evidence, that the items were contraband in violation of R.C. 2933.42. He also objects to the court's order that the Public Defender's office pay the Cuyahoga County Sheriff the costs incurred in transporting and housing him for the hearing. Our review of the record compels a reversal of the forfeiture and a vacation of the court's order on costs.

I

Eighteen months after police initially seized property from Golston's home on April 23, 1987, and seven months after a second seizure on March 9, 1988, the state sought forfeiture of the confiscated items pursuant to R.C. 2933.-43(C). The petition related to Golston's convictions in four cases (Cr–226156, 224363, 217873 and 223398).

A forfeiture action, while criminal in nature, is a civil proceeding against seized property. *State v. Lilliock* (1982), 70 Ohio St.2d 23, 24 O.O.3d 64, 434 N.E.2d 723; *Sensenbrenner v. Crosby* (1974), 37 Ohio St.2d 43, 45, 66 O.O.2d 106, 108, 306 N.E.2d 413, 415; *Chagrin Falls v. Loveman* (1986), 34

Ohio App.3d 212, 517 N.E.2d 1005; *State v. Clark* (1989), 63 Ohio App.3d 52, 577 N.E.2d 1141; *State v. Jacobiak* (Dec. 22, 1989), Lucas App. No. L–89–016, unreported, 1989 WL 155185. Forfeiture is not favored in law and as a consequence, such statutes must be strictly construed against the state. *Lilliock, supra; State v. Niles* (1989), 44 Ohio App.3d 133, 541 N.E.2d 635; *State v. Cruz* (Dec. 1, 1983), Cuyahoga App. No. 46799, unreported, 1983 WL 2855.

▮ In a civil action, a reviewing court may notice a "plain error," which is neither affirmatively waived nor objected to, in order to prevent a "manifest miscarriage of justice." *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 223, 18 OBR 281, 283, 480 N.E.2d 802, 805; *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 209, 24 O.O.3d 316, 317, 436 N.E.2d 1001, 1003; *Nickles v. Goodyear Tire & Rubber Co.* (Aug. 4, 1982), Summit App. No. 10470, unreported, at 9, 1982 WL 2684.

Upon review of the record, we find a procedural irregularity that must be addressed in order to preserve the integrity of the forfeiture process.

R.C. 2933.43(C) requires the state to file a petition of forfeiture "upon seizure of the contraband" or within a reasonable time. *State v. Baumholtz* (1990), 50 Ohio St.3d 198, 553 N.E.2d 635, paragraph one of the syllabus; *State v. Niles* (1989), 44 Ohio App.3d 133, 541 N.E.2d 635; *State v. Baumholtz* (Feb. 22, 1989), Summit App. No. 13789, unreported, 1989 WL 16719, affirmed (1990), 50 Ohio St.3d 198, 553 N.E.2d 635.

▮ In determining the reasonableness of a forfeiture, a reviewing court must first examine the state's delay in filing to determine if it is unreasonably lengthy. *Baumholtz, supra*, 50 Ohio St.3d 198, 553 N.E.2d 635. See *United States v. $8,850* (1983), 461 U.S. 555, 566, 103 S.Ct. 2005, 2013, 76 L.Ed.2d 143, 153 (regarding forfeiture in the course of United States customs service proceedings).

The Ohio Supreme Court has held a delay of five and one-half months between seizure of the property and the filing of a forfeiture petition is unreasonable. *Baumholtz, supra*, 50 Ohio St.3d 198, 553 N.E.2d 635. In *Niles, supra*, the Ninth District Court of Appeals found a delay of seventy-nine days after seizure to be unreasonable. *Niles, supra; Baumholtz, supra*, Summit App. No. 13789.

▮ When a reviewing court determines that a forfeiture filing appears to be unreasonably delayed, it must then determine if the delay prejudiced the defendant's due process right. *Baumholtz, supra*, 50 Ohio St.3d 198, 553 N.E.2d 635. The court must weigh the length of the delay, the reasons justifying the delay, the defendant's assertion of his right and the prejudice to

the defendant. *Baumholtz, supra,* 50 Ohio St.3d 198, 553 N.E.2d 635. See, also, *United States v. $8,850, supra.*

We find nothing in the record to justify an eighteen-month delay. A forfeiture petition must be filed within a reasonable time after seizure of the property, not at the close of criminal proceedings. See *Baumholtz, supra,* 50 Ohio St.3d 198, 553 N.E.2d 635. An unreasonably lengthy delay in initiating the process is not justified where the state had only to fill in the blanks on a petition form. *May v. United States v. One 1977 Chevrolet Van* (S.D.Ohio 1981), 519 F.Supp. 649. See, also, *Sensenbrenner, supra,* 37 Ohio St.2d at 44, 66 O.O.2d at 107, 306 N.E.2d at 414.

Because of the eighteen-month hiatus in filing, there was no matter for Golston to challenge. The state's filing delay also prejudiced Golston. He was forced to defend his right to possess items of personal property and cash he had not seen for one and one-half years against charges that he used them in four separate cases. The forfeiture process, which relies on the participants' memories to provide the details of a seizure, is unnecessarily complicated by long delays.

The legislature, by using the word "shall," clearly made the time limitation on filing for forfeitures mandatory. *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 107, 56 O.O.2d 58, 60–61, 271 N.E.2d 834, 837; *Niles, supra.* We find the state contravened the statute and unreasonably delayed the process by filing its petition eighteen months after its initial seizure of property, and seven months after its second. The court's order of forfeiture is void for noncompliance with R.C. 2933.43(C).

## II

Though we find the court's forfeiture order void, App.R. 12(A) compels our consideration of the issues raised by Golston. He argues that the trial court erred in failing to grant him a directed verdict because the state failed to prove, by a preponderance of the evidence, that he possessed "contraband" in violation of R.C. 2933.42.

A forfeiture proceeding is governed by the Rules of Civil Procedure. R.C. 2933.43(C); *Lilliock, supra,* paragraph three of the syllabus; *Sensenbrenner, supra,* paragraph two of the syllabus; *State v. Casalicchio* (Aug. 31, 1989), Cuyahoga App. No. 55655, unreported, 1989 WL 101908; *State v. Mateo* (Aug. 17, 1989), Cuyahoga App. No. 55833, unreported, 1989 WL 95760; *State v. Hadlock* (Dec. 11, 1986), Cuyahoga App. No. 51879, unreported, 1986

WL 14512; *Jacobiak, supra; In re $5,970.74 U.S. Currency* (Dec. 6, 1989), Hamilton App. No. C–880707, unreported, 1989 WL 146437.

A court may direct a verdict pursuant to Civ.R. 50(A) where it determines, after construing the evidence in the light most favorable to the nonmovant, that the movant is entitled to judgment as a matter of law. *Sanek v. Duracote Corp.* (1989), 43 Ohio St.3d 169, 172, 539 N.E.2d 1114, 1117. See, also, *Pariseau v. Wedge Products, Inc.* (1988), 36 Ohio St.3d 124, 522 N.E.2d 511. The court may not weigh evidence or test witness credibility when ruling on a directed verdict motion. *Sanek, supra.*

In a forfeiture procedure, the state bears the burden to prove seized property is contraband by a preponderance of the evidence. R.C. 2933.43(C); *Lilliock, supra; Loveman, supra; In re $5,970.74 U.S. Currency, supra; Clark, supra; State v. Llamas* (Apr. 13, 1989), Cuyahoga App. No. 55188, unreported, 1989 WL 36711. See, also, *United States v. United States Currency: $24,927* (S.D.Ohio 1986), 635 F.Supp. 475, 478.

R.C. 2901.01(M), in relevant part, defines "contraband" as:

"(1) Property that in and of itself is unlawful for a person to acquire or possess;

"(2) Property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it;

"* * * *

"(5) Any controlled substance, as defined in section 3719.01 of the Revised Code, or any device, paraphernalia, money as defined in section 1301.01 of the Revised Code, or other means of exchange that has been, is being, or is intended to be used in an attempt or conspiracy to violate, or in a violation of, Chapter 2925. or 3719. of the Revised Code;

"* * * *

"(9) Any property that is acquired through the sale or other transfer of contraband or through the proceeds of contraband, other than by a court or a law enforcement agency acting within the scope of its duties[.]"

The mere possession of cash, as well as video cassette recorders and other electronic items, is not unlawful. *Lilliock, supra; Garono v. State* (1988), 37 Ohio St.3d 171, 176, 524 N.E.2d 496, 501; *State v. Jacobs* (1940), 137 Ohio St. 363, 19 O.O. 57, 30 N.E.2d 432, paragraph two of the syllabus; *Loveman, supra; State v. Martin* (Dec. 21, 1989), Cuyahoga App. No. 57675,

unreported, 1989 WL 154876; *Clark, supra; Cruz, supra.* To prove such items are contraband, the state must demonstrate that it is more probable than not, from all the circumstances, that the defendant used the items in the commission of criminal offenses. *Loveman, supra; Casalicchio, supra; Cruz, supra; State v. Brooks* (Feb. 27, 1986), Cuyahoga App. No. 50384, unreported, 1986 WL 2677.

R.C. 2933.43(C) sets forth the state's burden in a forfeiture:

" * * * When a hearing is conducted under this section, property shall be forfeited upon a showing by a preponderance of the evidence by the petitioner that the person from which the property was seized was in violation of division (A) of section 2933.42 of the Revised Code. If that showing is made, the court shall issue an order of forfeiture. * * * "

R.C. 2933.42 states in part:

"(A) No person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband.

"(B) For purposes of section 2933.43 of the Revised Code, if * * * personal property that is not within the scope of the definition of contraband in section 2901.01 of the Revised Code is used in a violation of division (A) of this section, * * * personal property is contraband and, if the underlying offense involved in the violation of division (A) of this section is a felony, is subject to seizure and forfeiture pursuant to section 2933.43 of the Revised Code. It is rebuttably presumed that * * * personal property in or on which contraband is found at the time of seizure has been, is being, or is intended to be used in a violation of division (A) of this section."

At the hearing's conclusion, however, the court ordered the forfeiture based upon the following:

"I find that it is extremely peculiar for any human being to have in his or her possession the VCR's, video camera and one, two, three, four, five, six, seven, eight different .35 millimeter cameras, not to mention the other things that are mentioned; the three microwave ovens, particularly in light of the fact that your client has pled guilty to, in fact being a violator of the drug laws of the State of Ohio; coupled with the testimony from this detective indicating that your client said that he trades drugs and/or in return for the commodities, so based upon the evidence presented by way of the detective's testimony relative to the statement allegedly made by Mr. Golston, coupled with that, which is being requested to be forfeited; coupled with the fact that your client is a convicted felon relates individually going to the drug law, coupled with the circumstances that the only logical inference that can be drawn from Exhibit A, attached schedule of items, is that these items were

received certainly in a peculiar fashion, and it is non-consistent with that individual going into a retail establishment and purchasing same."

The record tells us Golston pled guilty to an R.C. 2925.11 drug abuse violation, in case No. CR–224363, in exchange for a *nolle prosequi* of one count each of possession of criminal tools (R.C. 2923.24) and receiving stolen property (R.C. 2913.51). The record is silent as to when and how the court disposed of the three other cases underlying the forfeiture order.

Without enumerating what crimes Golston perpetrated in any of the three earlier cases or their connection to the two seizures, apparently pursuant to valid search warrants, the state offered testimony by a police officer that Golston was a "drug seller." The state's sole witness, Detective Thomas Parkinson, who conducted the 1987 seizure and was involved in the aftermath of the 1988 seizure, told the court that Golston's living room, dining room and two bedrooms were filled with "merchandise"; that a van and two police cars were insufficient to carry away the items; and that additional property remained in Golston's house. The detective stated that Golston told him he "bartered" money and cocaine for "merchandise," and that some of the property was given to him or, like the seized gold jewelry, was "left" by "people."

The proper procedure in a forfeiture action to prove an official record of a case is to offer the trial record as an exhibit pursuant to Civ.R. 44. *In re $5,970.74 U.S. Currency, supra.* As the state failed to do this and the defendant styled his notice of appeal to case No. CR–224363 only, we have no record before us of the other three cases. Ordinarily, when the record is silent on certain issues, we must presume the validity of the trial court's proceedings. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. In light of the procedural irregularity in filing the forfeiture petition itself and the court's remarks as to its finding, we cannot presume the trial court properly determined the state established, by a preponderance of the evidence, that all the seized items and money were contraband because of their use in the underlying crimes.

Attached to the forfeiture petition was a list of the items confiscated during the two seizures: nine video cassette recorders, one video camera, eight .35 millimeter cameras, one camera lens, one tripod, three television sets, five cassette decks, one stereo amplifier, one stereo equalizer, one synthesizer, one compact disc player, three microwave ovens, two citizen band radios, one computer with a printer and monitor, one pair of binoculars, two typewriters, one radar detector, assorted jewelry and $4,443 in currency and coin (an undisclosed portion of which was "marked"). We note that, because the police located the owners of the computer, it was not included in the forfeiture

action. Further, in the record, Golston affirmatively waived any objection to procedural requirements regarding the state's burden to locate owners of the seized items.

Where the state seeks forfeiture of items used as evidence to support an unchallenged conviction in an underlying crime, such items are contraband subject to R.C. 2933.43 forfeiture. *Llamas, supra.* Here the state made no showing that any of the seized goods were used as evidence to support the underlying unspecified convictions. Further, none of the items listed appears related to the only known underlying crime, the drug possession conviction.

Where a defendant is convicted of a drug possession offense, evidence that a small amount of cocaine, money and a cocaine inhaler were present in his car is insufficient to prove he used his vehicle to traffic in drugs. *Casalicchio, supra.* In this case, general testimony that a large quantity of electronic goods and cash were found in the home of one convicted of a drug possession offense, without evidence of the presence of drugs or drug paraphernalia, is insufficient to prove any or all of the seized items were used in drug trafficking.

The state relies heavily on the discovery of "marked" money in Golston's house to link the seized items to drug trafficking activities. Possession of "marked" money is circumstantial evidence of the commission of a criminal offense. *United States v. United States Currency $24,927, supra.* The existence of an unspecified amount of "marked" money commingled with other currency weighs against an argument for forfeiture of all the money. *Id.*

We hold that the defendant's possession of an undisclosed sum of "marked" money does not taint his other currency and thereby forfeit all the cash he has on hand.

Likewise, where police seize, from a drug abuse violator, a bag containing cash, two gold chains and a small amount of cocaine, the circumstantial evidence tends to link the money with the cocaine, but does not prove the gold chains were used in commission of a drug violation. *In re $5,970.74 U.S. Currency, supra.*

Here police seized a large quantity of electronic goods, none of which appeared to be physically linked to drugs. The state acknowledged the defendant traded both money and drugs for "merchandise." The state presented no evidence as to which items, if any, were traded for drugs and which were traded for money. Instead, the state relied upon the quantity of the items seized from Golston's house to prove their use in drug trafficking.

While the existence of nine video cassette recorders or eight cameras in Golston's house may be indicative of criminal activity, it is not, alone, sufficient to prove they were used in drug offenses. *Clark, supra.* Further, the existence of one compact disc player or one pair of binoculars in Golston's house is not probative of any illegal activity as there is nothing inherently illegal about possessing these things. *Garono, supra* (possession of poker machines is not inherently illegal).

"While the suspicion in a particular case may be strong, the forfeiture of one's personal property can only be justified under established facts." *Cruz, supra,* at 6.

We find the state failed to prove, by a preponderance of the evidence, which, if any, of the items seized, were products of criminal drug activity and thus contraband.

This assignment of error is well taken.

### III

In his second assignment of error, Golston challenges the language in the forfeiture order which requires the Public Defender's office to reimburse the sheriff's department for Golston's transportation and housing to attend the forfeiture hearing.

R.C. 2933.43 forfeiture proceedings are civil actions *in rem* and, as such, do not give the incarcerated litigant an absolute due process right to be present at the hearing. *Mancino v. Lakewood* (1987), 36 Ohio App.3d 219, 523 N.E.2d 332; *In re Colburn* (1987), 30 Ohio St.3d 141, 30 OBR 452, 507 N.E.2d 1138; *In re Forfeiture of a 1978 Pontiac* (Dec. 22, 1989), Lucas App. No. L–89–016, unreported, 1989 WL 155185. It is within the trial court's discretion, however, to order his presence. *Mancino, supra; In re Colburn, supra; In re Forfeiture of a 1978 Pontiac, supra.*

For reasons not apparent from the record, the trial court, at defense counsel's request, ordered Golston's presence at the hearing. At the close of the proceeding, the court ordered the Public Defender's office, which represented the indigent Golston, to bear the costs.

In a civil action, Civ.R. 54(D) gives the trial court discretion, absent statutory provisions to the contrary, to award costs to the prevailing party. *State, ex rel. Gravill, v. Fuerst* (1986), 24 Ohio St.3d 12, 13, 24 OBR 10, 11, 492 N.E.2d 809, 810; *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 2 OBR 542, 442 N.E.2d 791. This does not create an absolute right for the prevailing party to collect costs. *State, ex rel. Gravill, supra; Jones, supra.*

To determine if an expense is taxable as a cost, the court must determine if it is a properly taxable cost and, if so, whether it is reasonable to tax costs in a particular case. *Bookatz v. Kupps* (1987), 39 Ohio App.3d 36, 528 N.E.2d 961; *Jones, supra.* A taxable cost is a necessary litigation expense. *Bookatz, supra; Jones, supra.*

Since Golston appeared at the forfeiture hearing as a result of the court's discretionary order, and not by reason of necessity or absolute right, the expense of transporting and housing him was not necessary and vital to the litigation.

Further, the sheriff, not the Public Defender's office, is responsible for court ordered transport and sustenance of prisoners, at the county's expense. *Univ. Hospitals v. Cleveland* (1971), 28 Ohio Misc. 134, 57 O.O.2d 208, 276 N.E.2d 273. Additionally, R.C. 311.20 requires the board of county commissioners to provide the sheriff with the requisite funding for the operation of the jail and the feeding of the inmates. R.C. 325.07 mandates that the board of county commissioners shall provide the sheriff with monthly allowances for the actual and necessary expenses incurred in transporting prisoners pursuant to court orders.

A court may refuse to tax, as a necessary litigation expense, an unusual expenditure which it would be inequitable to assess against the losing party. *Bookatz, supra; Jones, supra.* As a result, such expenses incurred by the sheriff cannot be taxed to the parties as fees or costs. *State, ex rel. Rickey, v. Coffin* (1897), 56 Ohio St. 240, 46 N.E. 819, paragraph two of the syllabus; 1989 Ohio Atty.Gen.Ops. No. 086 (relating to juvenile court orders).

Even if such costs were proper, they are to be imposed upon the parties to an action and not their attorneys. See *State, ex rel. Gravill, supra; Jones, supra.* Only when an attorney acts in bad faith in violation of Civ.R. 11 can the court impose sanctions upon him instead of his client. *Simon v. Zipperstein* (1987), 32 Ohio St.3d 74, 512 N.E.2d 636; *Mitchell v. Whitaker* (1986), 33 Ohio App.3d 170, 514 N.E.2d 937; *Stevens v. Kiraly* (1985), 24 Ohio App.3d 211, 24 OBR 388, 494 N.E.2d 1160. Such action is properly taken in a disciplinary proceeding brought pursuant to the Rules for Government of the Bar. *Border City S. & L. Assn. v. Moan* (1984), 15 Ohio St.3d 65, 15 OBR 159, 472 N.E.2d 350.

Finally, "[a]n attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously." *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, paragraph one of the syllabus; *Simon,*

*supra; Border City S. & L. Assn., supra.* The sheriff was not a party to this action. The record is devoid of any indication that defense counsel acted maliciously or in bad faith in violation of Civ.R. 11.

We find the trial court improperly ordered the Public Defender's office to pay the sheriff the expenses involved in bringing Golston to Cuyahoga County for the hearing. This assignment of error is well taken.

The judgment of the trial court is reversed and the order of forfeiture is vacated.

*Judgment accordingly.*

STILLMAN, J., concurs.

PATTON, C.J., concurs in judgment only.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.