JOURNAL ENTRY AND OPINION
{¶ 1} The defendant, Maurice Gales ("defendant"), appeals from the denial of his Motion for Return of Property. In his motion, the defendant sought the return of certain monies that were seized during the execution of a search warrant and at the time of his arrest. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} On November 15, 2000, the defendant was indicted by the Cuyahoga County Grand Jury for possession of drugs,[1] preparation of drugs for sale,[2] and possession of criminal tools.[3] On May 23, 2001, the jury found the defendant guilty of possession of drugs and preparation of drugs for sale, but acquitted him of the charge of possession of criminal tools, which included, a cellular phone, pagers, scales, a 1995 Buick and the money at issue herein.[4]
 {¶ 3} On October 31, 2000, the State petitioned for the forfeiture of the seized property, including $4,808 in cash, pursuant to R.C. 2933.43, which authorizes the seizure of certain contraband. The State argued that the seized property was needed as evidence in the underlying criminal case.
 {¶ 4} On January 19, 2001, the defendant filed his motion for the return of the seized property and the court conducted a hearing on September 13, 2001. At the hearing the State presented the testimony of Cleveland Police Narcotics Detective Andre Haynesworth, a 29-year veteran of the department. Det. Haynesworth stated that items frequently found in the possession of a heroin abuser include syringes, spoons and cookers or their "works." Det. Haynesworth further stated that items frequently found upon the arrest of a heroin dealer include packaging materials, a drying agent, scales, and money. Det. Haynesworth testified that the dealer receives money in exchange for heroin and also uses the money to buy more heroin for later sales, or to "re-up."
 {¶ 5} After the defendant was observed selling heroin to an informant in controlled purchases, the police executed a search warrant of the defendant's home. Det. Haynesworth testified that he found individually packaged heroin next to the money, scales and other tools, but no syringes, cookers or works. Det. Haynesworth testified that, based upon his experience, the defendant was a heroin dealer rather than an abuser and that the money was collected as a result of the sale of contraband.
 {¶ 6} On October 4, 2001, the trial court denied the defendant's motion for return of the money and stated:
 {¶ 7} "It is initially noted that the evidence of Mr. Gales [sic] guilt was overwhelming, and his avowed lack of knowledge of drugs and drug dealing participation in his premises, including a specialized scale used by drug dealers, was thoroughly unbelievable. * * * As such, this Court finds that the evidence certainly exceeded the preponderance standard both as to Mr. Gale's [sic] profession and the use of the property in question."
 {¶ 8} The defendant submits the following interrelated assignments of error, which we review together:
 {¶ 9} "I. Given a court cannot require an individual (whose money was seized by the police) to prove the money was not contraband or suffer it being forfeited to the State, it follows in this case the Court erred when if [sic] forfeited the funds in this case to the State."
 {¶ 10} "II. Given the absence of any proof showing the funds forfeited to the state were contraband, it follows the Court erred when it ordered the forfeiture of these funds for any reason including the express reasons (a) that his guilt was overwhelming and (b) that the Court regarded his testimony as being thoroughly unbelievable."
 {¶ 11} In these assignments of error the defendant argues that the trial court was required to return the money to him because he was acquitted of the charge of possession of criminal tools and because the State failed to meet its burden of proof that the money was contraband. The State did not submit an appellate brief for our review.
 {¶ 12} Forfeiture is not favored in Ohio law and wherever possible statutes should be construed to avoid forfeiture of property. State v.Lilliock (1982), 70 Ohio St.2d 23, 25-26. Forfeiture proceedings are criminal in nature but civil in form. State v. Clark (1989),63 Ohio App.3d 52, 56. In a forfeiture proceeding, the State bears the burden of proving that the seized property is contraband by a preponderance of the evidence. State v. Blackshaw (May 29, 1997), Cuyahoga App. No. 70829, at 8; R.C. 2933.43(C).
 {¶ 13} In the instant case, the trial court found that the money was contraband and determined that forfeiture was appropriate. Pursuant to R.C. 2901.01(A)(13) contraband includes the following property:
 {¶ 14} "(b) Property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it, including, but not limited to, goods and personal property described in division (D) of section 2913.34 of the Revised Code * * *
 {¶ 15} "(e) Any controlled substance, as defined in section 3719.01
of the Revised Code, or any device, paraphernalia, money as defined in section 1301.01 of the Revised Code, or other means of exchange that has been, is being, or is intended to be used in an attempt or conspiracy to violate, or in a violation of, Chapter 2925. or 3719. of the Revised Code; * * *
 {¶ 16} "(i) Any property that is acquired through the sale or other transfer of contraband or through the proceeds of contraband, other than by a court or a law enforcement agency acting within the scope of its duties * * *."
 {¶ 17} The trial court found that the defendant was in possession of contraband in violation of R.C. 2933.42(A), which provides: "No person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband."
 {¶ 18} Authority to seize contraband is provided in R.C.2933.43(A)(1), which states:
 {¶ 19} "[A] law enforcement officer shall seize any contraband that has been, is being, or is intended to be used in violation of division (A) of section 2933.42
of the Revised Code * * *."
 {¶ 20} The mere possession of cash is not unlawful. State v.Golston 66 Ohio App.3d 423, 431. Therefore, in order to prove that the money is contraband, the State must have demonstrated that it is more probable than not, from all the circumstances, that the defendant used the money in the commission of a criminal offense. State v. Golston, supra at 432.
 {¶ 21} Although money is not contraband in and of itself, it can become contraband when it is used in connection with unlawful drug activity. R.C. 2901.01(A)(13). The circumstances are that, as a result of the defendant's heroin sales to a police informant, a search warrant of his home was executed. A large amount of cash was found in the defendant's bedroom next to ten packets of individually wrapped heroin. A smaller amount of cash was found in the kitchen near two specialized scales commonly used in drug sales. Det. Haynesworth testified that, based on his expertise, experience and training, it was his opinion that the money was part of the defendant's profits from the sale of drugs.
 {¶ 22} However, we find that the State did not meet its burden of proving that it was more likely than not that the money was used in the commission of a criminal offense. Det. Haynesworth testified that they did not recover any of the marked money used in the controlled purchases within the instant funds. Det. Haynesworth also testified that he did not know whether it was the defendant's intention to use of the money to buy drugs. The State did not prove by a preponderance of the evidence that the money was contraband, thus, the trial court erred when it made the determination that the money was forfeited. As such, defendant's money should be returned and the defendant's assignments of error are sustained.
Judgment reversed.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND TERRENCE O'DONNELL, J., CONCUR.
[1] R.C. 2925.11.
[2] R.C. 2925.07.
[3] R.C. 2923.24.
[4] State v. Gales, Cuyahoga County Common Pleas Court No. CR 397895.