OPINION
{¶ 1} Appellant, Jeremy Johnson ("Johnson"), appeals the January 26, 2004 judgment entry of the Common Pleas Court of Crawford County granting summary judgment in favor of Johnson with respect to the property he could show ownership of and granting summary judgment in favor of Sears, Roebuck Co. ("Sears") and Tandy Corporation (dba "Radio Shack") for all property bearing their companies' respective brand names, logos, or packaging.
 {¶ 2} The criminal investigation of Johnson began on January 25, 1999, when Johnson was observed shoplifting videotapes from a video store in Galion, Ohio. The Crawford County Sheriff's Department obtained a search warrant for the home in which Johnson was living to look for videotapes that were on the missing lists at video stores. On January 28, 1999, the search warrant was executed. During the search, officers observed, in plain view, many tools, power equipment and electronic items scattered throughout the home. The officers reported that many of the items were in their original packaging. Search warrants were then obtained to search the home for the tools, power equipment and electronic items that had been observed by the officers. These search warrants were executed on January 29, 1999 and February 12, 1999. Some of the items seized during these searches included tools, toolboxes and electronic equipment bearing the brand names of the retailers Sears and Radio Shack. Johnson was unable to provide receipts for the property at the time it was seized and he advised officers that he had not been employed for the past year.
 {¶ 3} Criminal charges were filed against Johnson with respect to Sears brand items found in Johnson's possession. In addition, charges of receiving stolen property were filed against Johnson with respect to other items seized from the home, which are not the subject of this appeal. The charges with respect to the Sears brand items were later dismissed as part of a plea negotiation with the state.
 {¶ 4} On March 3, 2000, the Crawford County Sheriff's Department filed a complaint for interpleader in the Common Pleas Court of Crawford County naming numerous defendants, including Johnson, Marion Johnson (his mother and the owner of the home where the items were seized), Sears and Radio Shack. The Crawford County Sheriff's Department sought a determination by the court as to who(m) was/were the rightful owner(s) of the property seized from Johnson during the executions of the search warrants. The court granted the interpleader action and dismissed the Crawford County Sheriff's Department as a party to the case.
 {¶ 5} Only the following defendants filed pleadings in response to the complaint for interpleader: Met's Auto Supply, Inc., Radio Shack, Sears, and Johnson. The trial court entered a partial default judgment against the remaining defendants on June 19, 2000. Subsequently, Met's Auto Supply, Inc. withdrew its answers and consented to default judgment, which is reflected in the trial court's February 2, 2001 judgment entry.
 {¶ 6} On November 16, 2000, Johnson filed his amended answer and cross-claim, with leave of the court. In his cross-claim, Johnson asserted he was the rightful owner of all the property seized by the Crawford County Sheriff's Department that was the subject of the interpleader action. When the parties appeared unable to reach a settlement, the court granted leave to Johnson to file a dispositive motion. Johnson then filed a motion for summary judgment or, alternatively, a motion for dismissal for failure to state a claim upon which relief may be granted on April 5, 2002. Both Sears and Radio Shack filed briefs in opposition to Johnson's motion for summary judgment. Sears attached the affidavit of Philip Briley, a manager at Sears, to its opposition brief. Briley inspected the property at the storage site of the Crawford County Sheriff's Department. Briley relayed his observations regarding the number, type, condition and appearance of the property. Radio Shack attached the affidavit of Trayce Fuller, a paralegal for Radio Shack, to its opposition brief. In her affidavit, Trayce Fuller stated that the database of purchases at Radio Shack did not reflect that Johnson purchased any of the Radio Shack items subject to the instant action.
 {¶ 7} The trial court denied Johnson's motion for summary judgment in its August 22, 2002 judgment entry stating that the facts regarding the seizure of the property showed that Johnson should not be permitted to recover the property Sears and Radio Shack claimed. Specifically, the trial court held that "Johnson [wa]s barred by ORC 2933.41(C)(1) from recovering the property because it ha[d] been determined by the Court to have been stolen and he was convicted of receipt thereof." August 22, 2002 Judgment Entry Regarding Defendant Jeremy Johnson's Motion for Summary Judgment, p. 3. Johnson then filed a motion for reconsideration on August 30, 2002, which was overruled by the court on September 10, 2002.
 {¶ 8} Sears filed a motion for summary judgment on December 31, 2003 based on the fact that the court had already ruled that Johnson was not entitled to the property at issue in the case. Johnson subsequently filed a motion for reconsideration of his motion for summary judgment or, alternatively, dismissal, and a memorandum in opposition to Sears' motion for summary judgment on January 14, 2004. On the same day, Johnson filed a motion to strike the affidavits of Philip Briley and Tracye Fuller based on the assertion that the affidavits were without foundation and did not appear to be based upon personal knowledge.
 {¶ 9} On January 26, 2004, the trial court entered judgment regarding Sears' motion for summary judgment and Johnson's motion to reconsider granting summary judgment. The trial court (a different judge from the one that denied Johnson's motion for summary judgment and motion for reconsideration) found that "Judge Henderson's use of the phrase, `. . . and he was convicted of receipt thereof', was incorrect." (ellipses in original.) January 26, 2004 Judgment Entry on Motion to Reconsider Granting Summary Judgment, p. 2. However, the court found that the error was minimal when read in the context of the entire paragraph. In determining the relevance of possession with regard to the subject property, the trial court held that "where property has been seized pursuant to a warrant and is the subject matter of a theft offense, regardless of the outcome of that theft offense, the presumption arising out of possession is of limited probative value." Id. at 3. The trial court then proceeded to grant summary judgment as follows:
Summary judgment is granted in favor of Jeremy Johnson for allproperty for which he can show receipt or other documentation ofownership. Summary judgment is granted to Sears Roebuck and Co.for all property bearing their company's brand name, logo, orpackaging. Summary judgment is granted to Tandy Corporation [dbaRadio Shack] for all property bearing their company's brand name,logo, or packaging. Summary judgment is granted to Jeremy Johnsonfor all property not claimed by Sears or Tandy.
January 26, 2004 Entry on Motion to Reconsider Granting Summary Judgment, p. 4-5. On the same day, the trial court ordered the sheriff to dispose of the interpleaded property in the manner prescribed in its judgment entry.
 {¶ 10} On January 29, 2004, Sears filed a brief in opposition to Johnson's motion to strike the affidavits and Sears filed its own cross motion to strike. Sears argued that the affidavit of Philip Briley was based on personal knowledge of his inspection of the property. Sears also argued that the affidavit was offered in opposition to Johnson's motion for summary judgment, not in support of Sears' motion for summary judgment. Further, Sears requested that certain exhibits attached to Johnson's affidavit in support of his second motion to reconsider be stricken due to their lack of authenticity and relevancy. The exhibits that were the subject of the motion were photographs of the property that failed to indicate when the photographs were taken or by whom and certificates regarding certain training Johnson had allegedly completed in which the date upon the certificates was more than four months after the time in which the property was seized from Johnson's home. On the same day, Sears filed its brief in opposition to Johnson's motion for reconsideration and its reply to Johnson's brief in opposition to Sears' motion for summary judgment.
 {¶ 11} Johnson filed a motion to stay execution on February 20, 2004, pending his appeal, which was granted by the trial court on March 1, 2004. It is from the January 26, 2004 judgment entry of the trial court granting summary judgment to Johnson, in part, and granting summary judgment to Sears and Radio Shack, in part, that Johnson now appeals, asserting the following three assignments of error.
The trial court erred in overruling (implicitly) DefendantJeremy Johnson's motion to strike the affidavits of Philip Brileyand Tracye Fuller.
 The trial court erred in failing to grant (implicitlyoverruling) Defendant Jeremy Johnson's motion to dismiss forfailure to state a claim upon which relief may be granted andmotion for reconsideration of implicit denial of his motion todismiss.
 The trial court erred in overruling Defendant Jeremy Johnson'smotion for summary judgment and his two motions forreconsideration of the order denying his motion for summaryjudgment and in granting summary judgment in part in favor ofDefendants Sears, Roebuck and Co., and Tandy Co.
 {¶ 12} Since the issue presented in Johnson's second assignment of error concerns the issue of whether the action filed in this case should have been dismissed, we have chosen to address this assignment of error first, as our determination of this issue may result in it being unnecessary to address the remaining assignments of error. In his second assignment of error, Johnson asserts that the trial court erred by accepting the interpleader action filed by the Crawford County Sheriff's Department since R.C. 2933.41 and R.C. 2933.43 set forth the proper procedures for disposing of seized property, such as the property in this case. Therefore, Johnson asserts that the trial court erred in not dismissing the action upon his motion to dismiss and his motion for reconsideration of the denial of his motion to dismiss.
 {¶ 13} We agree that, under the circumstances of this case, the action was not properly brought pursuant to Civ.R. 22 and should have been dismissed by the trial court. While the Crawford County Sheriff's Department did not bring an action pursuant to R.C. 2933.41, the statute was cited by the trial court and by Sears and Radio Shack in their briefs as justification for the actions taken by the trial court. Therefore, we find it necessary to discuss the application of R.C. 2933.41 to the facts in this case.
 {¶ 14} R.C. 2933.41(B) provides, in part, that:
A law enforcement agency that has property in its possessionthat is required to be disposed of pursuant to this section shallmake a reasonable effort to locate the persons entitled topossession of the property in its custody, to notify them of whenand where it may be claimed, and to return the property to themat the earliest possible time.
The law enforcement agency is required to return the property to the person entitled to its possession unless that person has lost possession of the property pursuant to R.C. 2933.41(C), which provides:
A person loses any right that the person may have to thepossession, or the possession and ownership, of property if anyof the following applies:
 (1) The property was the subject, or was used in a conspiracyor attempt to commit, or in the commission, of an offense otherthan a traffic offense, and the person is a conspirator,accomplice, or offender with respect to the offense.
 (2) A court determines that the property should be forfeitedbecause, in light of the nature of the property or thecircumstances of the person, it is unlawful for the person toacquire or possess the property.
 {¶ 15} As a rule, forfeiture statutes and statutes that result in a taking of private property must be strictly construed against the law enforcement agency seeking to convert the property for its own use. State v. Lilliock (1982),70 Ohio St.2d 23, 25, 434 N.E.2d 723; Eastlake v. Lorenzo (1992),82 Ohio App.3d 740, 743, 613 N.E.2d 247. R.C. 2933.41 is a statute that provides for the deprivation of a defendant's right to possession of property. R.C. 2933.41(C). It also authorizes a law enforcement agency to convert unclaimed or forfeited property in its possession for its own use, with the approval of the court. R.C. 2933.41(D)(8).
 {¶ 16} The threshold issue that exists for a law enforcement agency seeking to dispose of property in its possession is whether a person actually possesses or owns the property. In reDisposition of Property Held by Geauga Cty. Sheriff (1998),129 Ohio App.3d 676, 681-682, 718 N.E.2d 990. It is clear that the statute permits the return of confiscated evidence only to those persons who can demonstrate that they have a right of possession of the property. Lorenzo, 82 Ohio App.3d at 743; State v.Clark (1989), 63 Ohio App.3d 52, 56, 577 N.E.2d 1141. If it is determined that the person has possession of the property, the next issue is whether the state showed by a preponderance of the evidence that the provisions of R.C. 2933.41(C) were satisfied.Clark, 63 Ohio App.3d at 57.
 {¶ 17} R.C. 2933.41(C)(1) provides for the deprivation of a defendant's right to possession of property used in the commission of a crime where the property's owner or possessor is convicted of that crime or a related offense. Lilliock,70 Ohio St.2d at 26. In this case, the charges against Johnson relating to the tools bearing the Sears brand trademark logo were dismissed as part of a plea negotiation with the state. Further, Johnson was never charged with respect to the property bearing the Radio Shack brand logo. As a result, R.C. 2933.41(C)(1) is inapplicable to the facts of this case.
 {¶ 18} The second provision for the deprivation of a defendant's right to possession of property, R.C. 2933.41(C)(2), requires a finding that possession of the property is unlawful "either from the nature of the property or the circumstances of the person." Lilliock, 70 Ohio St.2d at 27. Tools and electronics, such as those possessed by Johnson, are not by their very nature unlawful to possess. Thus, for R.C. 2933.41(C)(2) to apply, Johnson's circumstances must have been such that his possession of the tools and electronics was rendered unlawful. In the context of R.C. 2933.41(C)(2), the term "circumstances" has been interpreted to refer to a legal disability of some sort.Chagrin Falls v. Loveman (1986), 34 Ohio App.3d 212, 217,517 N.E.2d 1005. In addition, the Second District Court of Appeals interpreted the language of R.C. 2933.41(C) to mean:
There are laws that under certain conditions possession ofproperty such as drugs or firearms are illegal. These arepersonal conditions or personal circumstances incidental to thesubject possessed irrespective of its use. For example,acquisition and possession of a firearm are denied to persons whohave been convicted of specific crimes of violence. This is whatis intended in the second test in R.C. 2933.41(C)(2). It is thecircumstances of the person that converts an otherwise lawfulpossession into one that casts the penalty of forfeiture uponeither its acquisition or possession.
 Dayton v. Boddie (1984), 19 Ohio App.3d 210, 211,484 N.E.2d 171.
 {¶ 19} The Crawford County Sheriff's Department did not meet its burden under R.C. 2933.41(B) to "make a reasonable effort to locate the persons entitled to possession of the property in its custody * * * and to return the property to them at the earliest possible time." Nor did the Sheriff's Department provide evidence to support the allegations and conclusions that Johnson did not lawfully possess the tools and electronics seized from him, as it would have been required to do in order for R.C. 2933.41(C) to apply.
 {¶ 20} As stated above, R.C. 2933.41 does provide for the return of seized property to those persons who can demonstrate that they have a right to possession. In this case, Johnson has always claimed that the seized property at issue is his property and that it was not obtained illegally. Further, Johnson provided affidavits in support of his claim of ownership and receipts reflecting the purchase of some of the property. Therefore, the possession requirement is met by Johnson.
 {¶ 21} Since the state dropped the charges related to the property at issue in this case pursuant to plea negotiations, R.C. 2933.41(C)(1) is not applicable. Furthermore, since the property at issue is not by its very nature unlawful to possess and there are no circumstances of Johnson that make it unlawful for him to possess the property, R.C. 2933.41(C)(2) is not applicable. Therefore, the property at issue in this case was not properly retained by the Crawford County Sheriff's Department and should have been returned to Johnson.
 {¶ 22} However, rather than return the property to Johnson, the Sheriff's Department filed an interpleader action with the court stating it believed Johnson was not the proper owner of the property. The Sheriff's Department listed ten defendants to the interpleader action, including Johnson, Sears and Radio Shack. While the Sheriff's Department claimed it was unable to return the property to Johnson without incurring potential liability from other defendants, there is no evidence in the record that the Sheriff's Department had been contacted by any of the defendants, except Johnson, regarding the property at issue prior to the filing of the interpleader action. Instead, the Sheriff's Department sought out defendants that it thought could claim interest in the property if such items should be missing from their inventories. This is not the proper procedure for interpleader actions.
 {¶ 23} R.C. 2933.41 is silent as to the procedure that should be used in a case where more than one person alleges a potential claim in the same property. The Fourth District Court of Appeals has held that in such a situation Civ.R. 22 governs and the interpleader rule should apply. In the Matter of the Dispositionof a 1979 Kenworth VIN No. 166353S (May 27, 1986), 4th Dist. No. 1573, unreported, 1986 WL 6042. Civ.R. 22, in relevant part, provides:
Persons having claims against the plaintiff may be joined asdefendants and required to interplead when their claims are suchthat the plaintiff is or may be exposed to double or multipleliability. It is not ground for objection to the joinder that theclaims of the several claimants or the titles on which theirclaims depend do not have a common origin or are not identicalbut are adverse to and independent of one another, or that theplaintiff avers that he is not liable in whole or in part to anyor all of the claimants. * * *
 In such an action in which any part of the relief sought is ajudgment for a sum of money or the disposition of a sum of moneyor the disposition of any other thing capable of delivery, aparty may deposit all or any part of such sum or thing with thecourt upon notice to every other party and leave of court. * * *
 {¶ 24} The procedure of interpleader "is designed to protect a stakeholder when there are conflicting claims against the funds [or property] which are admittedly due to some one but the proper one is not known and a court of competent jurisdiction is asked to legally adjudicate the conflict." Csohan v. United BenefitLife Ins. Co. (1964), 95 Ohio Law Abs. 315, 200 N.E.2d 345, 348. Civ.R. 22 provides that the remedy of interpleader is available when the "claims are such that the plaintiff is or may be exposed to double or multiple liability."
 {¶ 25} In this case, the Crawford County Sheriff's Department was not subject to multiple liability with regard to the property seized from Johnson. At the time of the dismissal of the charges involving the property at issue, the Sheriff's Department was not aware of any competing claims in the property. In fact, during the criminal investigation involving Johnson, the state sought information from Sears and Sears responded by letter as follows:
There are no documents regarding the above-named defendant[Johnson]. Moreover, inventory losses cannot be attributed to thedefendant. Understanding your need to build a circumstantialcase, we may testify that Craftsman tools are an exclusiveproduct line of Sears and that the Richland Mall Sears store didexperience shortages in the relevant period of time. Uponinformation and belief, Mr. Jacobs will also be able to testifythat he has seen Mr. Johnson in the store, but that is the extentof what he can testify with regard to Mr. Johnson. He may alsooffer an opinion as to the value of the tools based upon currentprices at Sears.
September 9, 1999 letter from Dykema Gossett, PLLC to Crawford County Assistant Prosecuting Attorney (attached to Johnson's April 5, 2002 Motion for Summary Judgment).
 {¶ 26} The Sheriff's Department no longer lawfully maintained possession of the property when the criminal charges against Johnson with respect to the property were dismissed. It was not proper for the Sheriff's Department to seek out defendants and invite them to assert claims to the seized property by means of an interpleader action when it was determined that the requirements of R.C. 2933.41 were not met.
 {¶ 27} A situation involving similar circumstances where interpleader would have been proper occurred in the case of Inthe Matter of the Disposition of a 1979 Kenworth VIN No.166353S, 1986 WL 6042. In this case, a Kenworth tractor had been seized from a lessee of defendant Lemaster. Id. Lemaster was tried and acquitted of possession of stolen property, but the prosecutor did not return the property to Lemaster or his lessee. Id. The prosecutor filed an application for disposition of unclaimed or forfeited property under R.C. 2933.41(D)(6), alleging that the property was forfeited because the VIN had been altered, making possession by anyone illegal. Id. When the action was filed under R.C. 2933.41(D), competing claims for the property emerged. Id. The court held that the action should properly have been brought under R.C. 2933.41(B) and that in the situation where more than one person alleges a potential claim in the same property, Civ.R. 22 should apply. Id.
 {¶ 28} Similarly, in the case Hoffhines v. Smith (May 18, 1989), 10th Dist. No. 88AP-839, unreported, 1989 WL 52945, a Kenworth vehicle was seized and impounded by law enforcement, although criminal charges were never filed against plaintiff Hoffhines. The vehicle was seized at a repair shop after law enforcement officers found that the vehicle contained parts from a 1982 Peterbilt truck which had been reported stolen and contained other parts which did not belong to either vehicle. Id. Hoffhines filed an action seeking replevin of the vehicle and, in a related action, the City of Columbus sought determination of legal ownership of the vehicle. Id. The court held that Hoffhines' vehicle, which included parts from other vehicles, created an illegal status in the property and Hoffhines was not entitled to repossession of the entire vehicle. Id. The court held that the Columbus Police Chief "acted diligently in bringing an interpleader action to determine the proper ownership of the vehicle and its component parts." Id. at *4. While criminal charges were not filed against Hoffhines, the entire vehicle could not be returned to him, which necessitated the interpleader action.
 {¶ 29} The cases described above differ from the case sub judice in that there was nothing about the property seized from Johnson that made the property illegal for Johnson to possess, nor were there any competing claims to the property at the time in which it would have been appropriate for the Crawford County Sheriff's Department to return the property to Johnson. It is important to note that no evidence was presented to the trial court at any time that showed the property seized from Johnson was stolen at all, let alone stolen from the inventory of Sears and Radio Shack. It would certainly have been a different situation had VIN numbers of the property seized from Johnson matched VIN numbers of property reported to the Sheriff's Department as stolen property. However, such was not the situation in this case.
 {¶ 30} Since neither Sears nor Radio Shack would have had a claim against the Crawford County Sheriff's Department, the Sheriff's Department was not subject to multiple liability in this case. The trial court, therefore, did not have jurisdiction to accept the interpleader action.
 {¶ 31} Based on the foregoing analysis, we sustain Johnson's second assignment of error. Johnson's first and third assignments of error are, accordingly, rendered moot and overruled. The judgment of the Common Pleas Court of Crawford County is reversed and remanded for proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 Cupp and Rogers, J.J., concur.