[Cite as *State ex rel. West v. McDonnell*, 2013-Ohio-1043.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99085**

# STATE OF OHIO EX REL.,
# TIMOTHY WEST

RELATOR

vs.

# HONORABLE NANCY MCDONNELL

RESPONDENT

## JUDGMENT:
### WRIT DISMISSED

Writ of Prohibition
Motion No. 460224
Order No. 462933

**RELEASE DATE:** March 20, 2013

**FOR RELATOR**

Timothy West, Pro Se
Inmate No. 604-876
Richland Correctional Institution
P.O. Box 8107
1001 Olivesburg Road
Mansfield, OH    44901


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    James E. Moss
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} On October 23, 2012, the relator, Timothy West, commenced this prohibition action to vacate and correct an order forfeiting and/or clarifying an order of forfeiture for a piece of real property in the underlying case, *State v. Timothy West & Todd West,* Cuyahoga C.P. No. CR-548609. In Count 1, he claims that the trial judge did not have jurisdiction to issue the subject order because of the transfer of jurisdiction principle; he had appealed the underlying case, that deprived the judge of jurisdiction to issue an order interfering with this court's jurisdiction to affirm, reverse, or modify the trial court's judgment. In Count 2, he argues that the indictment specified only Permanent Parcel No. 004-10-005 as subject to forfeiture. Thus, the trial court did not have the jurisdiction to forfeit Permanent Parcel No. 004-10-006 that was part of the subject property. On November 16, 2012, the respondent filed a motion to dismiss. On December 3, 2012, Timothy West filed his brief in opposition. For the following reasons, this court grants the trial judge's motions to dismiss.

{¶2} In the underlying case, Timothy West and his brother, Todd West, owned and used the large commercial building at 2341 Scranton Road, Cleveland, Ohio to grow hundreds of marijuana plants. On November 5, 2010, the Cleveland police raided the operation and arrested the brothers.

{¶3} The grand jury then indicted the brothers for (1) the illegal manufacture of drugs or cultivation of marijuana, (2) drug trafficking, (3) drug possession, and (4)

possession of criminal tools. Each indictment included multiple forfeiture specifications, including the forfeiture "of the Premises/Real Estate located at 2341 Scranton Ave., Cleveland, Ohio , Permanent Parcel #004-10-005." (The indictments, Ex. A to complaint.) A jury convicted the brothers on all counts and specifications, and on September 26, 2011, the respondent trial judge sentenced the brothers to a total of 16 years in prison. The judge also ordered the 2341 Scranton Road property forfeited to the state.

{¶4} A review of the record in the underlying case indicates that the brothers had "sold" the Scranton Road property to Nicholas Kulon in May 2011. It is apparent that Kulon realized that this sale may be problematic and commenced a civil lawsuit, *Kulon v. Timothy West, Todd West, State of Ohio & Cuyahoga Cty.,* Cuyahoga C.P. No. CV-761802, on August 8, 2011, to resolve the matter. Thus, the state of Ohio in the underlying case on October 3, 2011, filed a brief in support of forfeiture that asked the trial judge to declare that the May 2011 contract was null and void and to vest title unencumbered with the city of Cleveland. On October 17, 2011, Kulon filed a petition, pursuant to R.C. 2981.04, criminal forfeiture proceedings, to determine the validity of his interest in the Scranton Road property. In between these filings, the brothers appealed their convictions and sentences; *State v. Timothy West,* 8th Dist. No. 97391 and *State v. Todd West,* 8th Dist. No. 97398. On December 28, 2011, Donnalee West, the brothers' mother, filed a petition to determine her interest in the property.

**{¶5}** Timothy West alleges that on November 23, 2011, and December 28, 2011, the trial judge held hearings on the R.C. 2981.04 petitions. On January 13, 2012, the judge issued a journal entry, pursuant to *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, that reiterated the convictions, sentences, and forfeitures of the brothers and resolved the R.C. 2981.04 petitions. The judge specified that 2341 Scranton Road, Cleveland, Ohio sufficiently described the forfeited parcels, 004-10-005 and 004-10-006; that Donnalee West had no interest of record in the subject property and struck her petition as untimely; and that although the brothers' attempted conveyance of the land violated R.C. 2981.07 and was void, Nicholas Kulon was a bona fide purchaser of the subject property. Thus, the judge ordered the transfer of the subject property to Kulon and ordered the proceeds of the sale forfeited to the City of Cleveland Law Enforcement Trust Fund and the Cuyahoga County Prosecutor's Law Enforcement Trust Fund. The brothers timely appealed this decision of the trial court, *State v. Todd West,* 8th Dist. No. 97899 and *State v. Timothy West*, 8th Dist. No. 97900. Timothy West also commenced this prohibition action.

**{¶6}** The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction.

*State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, the court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶7} In addition, prohibition may issue to correct the results of prior jurisdictionally unauthorized actions, if the court was patently and unambiguously without jurisdiction. *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986,

915 N.E.2d 633. However, prohibition will not lie, if the court had basic statutory jurisdiction. At the very least, the court would have sufficient jurisdiction to determine its own jurisdiction, and appeal would provide an adequate remedy. *State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117.

{¶8} Timothy West argues first that the respondent judge was patently and unambiguously without jurisdiction to conduct the forfeiture hearings and issue the January 13, 2012 order because of the transfer of jurisdiction principle. In *Howard v. Catholic Social Serv. of Cuyahoga Cty.*, 70 Ohio St.3d 141, 146, 1994-Ohio-219, 637 N.E.2d 840, the Supreme Court of Ohio enunciated the rule as follows: "When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." As a corollary, the trial court retains jurisdiction over collateral matters, such as contempt, enforcement of its judgment, appointment of a receiver, and injunction. *Fifth Third Mtge. Co. v. Rankin*, 4th Dist. No. 11CA18, 2012-Ohio-2804 (the trial court retained jurisdiction to confirm the sheriff's sale pending appeal of judgment of foreclosure). Timothy West asserts that the trial court must have lost all jurisdiction after he appealed his convictions in October 2011. As a second argument, he asserts that the trial judge did not have the jurisdiction to order the forfeiture of Permanent Parcel No. 004-10-006, because it was not explicitly stated in the indictment. Although Timothy West does not cite authority for this proposition, R.C. 2981.04(A) provides that property may not be forfeited unless the indictment includes a specification that includes a description of the

property. He implicitly argues that the failure to include all of the permanent parcel numbers in the specification creates a jurisdictional defect in the indictment.

{¶9} However, these arguments are not well taken. R.C. 2981.04 provided the respondent judge with statutory jurisdiction to proceed. Subsection (D) of the statute requires the prosecutor to attempt to identify and notify any person who may have an interest in the property. This process requires the prosecutor to give notice by publication of the forfeiture once each week for two consecutive weeks. Subsection (E) allows any person, other than the offender, who has an interest in the property, to file a petition or affidavit asserting that person's interest in the property. Subsection(E)(1)(a) requires the petition to be filed within 30 days after the final publication or receipt of notice of the forfeiture. Subsection (E)(3) directs the trial court to hold a hearing on the validity of the interest within 30 days of the filing of the petition. The statute envisions resolving these matters within the time of a pending appeal. Therefore, the judge had statutory jurisdiction to proceed. At the very least, R.C. 2981.04 clothed the respondent judge with sufficient jurisdiction to determine her own jurisdiction.

{¶10} Moreover, as the Supreme Court of Ohio in *Pruitt*, *supra,* ruled, errors in sentencing, such as the propriety of a forfeiture, are to be addressed on appeal. Thus, an adequate remedy at law also bars this prohibition action.

{¶11} In his appeals, Timothy West argued that the trial court erred in ordering the forfeiture of both parcels of land because the indictment only identified one parcel. This court rejected that argument by noting that the two parcels were merged for tax

purposes and that the 2341 Scranton Road address described both parcels. This court concluded that the trial court properly forfeited the entire property. *State v. Timothy West,* 8th Dist. Nos. 97291 and 97900, 2013-Ohio-96.

{¶12} The principles of issue preclusion also bar this action. Issue preclusion prevents relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. *O'Nesti v. DeBartolo Realty Corp.,* 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 7. As shown above, Timothy West has already litigated Count 2 of this prohibition action and lost. In his appeal, *State v. Todd West,* 8th Dist. Nos. 97398 and 97899, Todd West filed a motion for reconsideration on January 4, 2013, (motion no. 461387), which raised the same transfer of jurisdiction argument as in his brother's writ. In fact, Todd West relied upon the same authority and at times used identical language in his argument as in his brother's writ action. On January 18, 2013, this court denied the motion for reconsideration. Thus, as a brother and partner in the same scheme, Timothy West is in privity with Todd West, and the litigation of the transfer of jurisdiction issue resolves the point for Timothy West as well.

{¶13} Accordingly, this court grants the respondent judge's motions to dismiss. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶14} Writ dismissed.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
EILEEN A. GALLAGHER, J., CONCUR