[Cite as *State v. West*, 2014-Ohio-198.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 97398 and 97899**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TODD WEST

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION FOR REOPENING
GRANTED IN PART; DENIED IN PART

Cuyahoga County Court of Common Pleas
Case No. CR-548609
Application for Reopening
Motion No. 463529

**BEFORE:** Jones, J., Boyle, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 22, 2014

**FOR APPELLANT**

Todd West
Inmate No. 604-897
Richland Correctional Institution
1001 Olivesburg Road
P.O. Box 8107
Mansfield, Ohio 44901-8107

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Daniel Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES SR., J.:

**{¶1}** Todd West has filed a timely application for reopening pursuant to App.R. 26(B). West is attempting to reopen the appeal, rendered in *State v. West*, 8th Dist. Cuyahoga Nos. 97398 and 97899, 2012-Ohio-6138, that affirmed his conviction for the offense of trafficking in drugs, but reversed and remanded with regard to the sentences imposed for the offenses of trafficking and illegal manufacture or cultivation of marijuana based upon merger as allied offenses of similar import. For the following reasons, we deny the application for reopening in part and grant the application for reopening in part.

**{¶2}** In order to establish a claim of ineffective assistance of appellate counsel, West must demonstrate that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, West must establish that "there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶3}** In *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, the Supreme Court of Ohio held that:

> Moreover, to justify reopening his appeal, [applicant] "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 25, 1998-Ohio-704, 701 N.E.2d 696.
>
> *Strickland* charges us to "appl[y] a heavy measure of deference to counsel's judgments," 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance," Id. at 689, 104 S.Ct. 2052, 80 L.Ed. 674. Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. See *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *State v. Sander*, 94 Ohio St.3d 150, 761 N.E.2d 18 (2002).

*State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588.

{¶4} In addition, the Supreme Court of Ohio, in *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, held that:

> In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id*.

{¶5} It is also well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes*, *supra*; *State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

{¶6} In *Strickland*, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and appeal and that

it would be all to easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689.

{¶7} Finally, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most a few key issues. *Jones v. Barnes*, *supra*.

{¶8} West, in support of his claim of ineffective assistance of appellate counsel, raises seven proposed assignments of error. The first and second proposed assignments of error are:

> The trial court erred when it held the forfeiture hearing without jurisdiction since an appeal was pending when the hearing was held to dispose [of] the property on Scranton Avenue.

> The trial court erred when it forfeited property owned by the appellant that is not listed in the bill of particulars and indictment.

{¶9} West, through his first proposed assignment of error, argues that the trial court was without jurisdiction to conduct a forfeiture hearing, as to property located on Scranton Road in the city of Cleveland, Ohio, based upon the transfer of jurisdiction principle. Through the second proposed assignment of error, West argues that the trial court was not permitted to forfeit the Scranton Road property because it was not properly identified in either the indictment or the bill of particulars. The issues of transfer of

jurisdiction and improper identification of the Scranton Road property in the indictment and/or bill of particulars was previously raised and addressed through a writ of prohibition filed by West and the prior appeal.

> \* \* \* Todd West asserts that the trial court must have lost all jurisdiction after he appealed his convictions in October 2011. As a second argument, he asserts that the trial judge did not have the jurisdiction to order the forfeiture of Permanent Parcel No. 004-10-006, because it was not explicitly stated in the indictment. \* \* \*
>
> He implicitly argues that the failure to include all of the permanent parcel numbers in the specification creates a jurisdictional defect in the indictment.
>
> However, these arguments are not well taken. R.C. 2981.04 provided the respondent judge with statutory jurisdiction to proceed. \* \* \*
>
> In his appeals, Todd West argued that the trial court erred in ordering the forfeiture of both parcels of land because the indictment only identified one parcel. This court rejected that argument by noting that the two parcels were merged for tax purposes and that the 2341 Scranton Road address described both parcels. This court concluded that [the] trial court properly forfeited the entire property. *State v. Todd West*, 8th Dist. Nos. 97398 and 97899, 2012-Ohio-6138. Todd West filed a motion for reconsideration in his appeal on January 4, 2013, (motion no. 461387), which raised the same transfer of jurisdiction argument as in his writ. In fact, Todd West relied upon the same authority and at times used identical language in his argument as in his writ action. On January 18, 2013, this denied the motion for reconsideration. Thus, the principles of issue preclusion also bar these arguments.

*State ex rel. West v. McDonnell*, 8th Dist. Cuyahoga No. 99086, 2013-Ohio-1044, ¶ 8.

{¶10} The doctrine of res judicata bars the additional review of the issues of the trial court's lack of jurisdiction to conduct a forfeiture hearing and the incomplete description of the Scranton Road property in the indictment. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104

(1967). *See also Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 1998-Ohio-435, 692 N.E.2d 140; *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226. West's first and second proposed assignments of error are not well taken and fail to establish ineffective assistance of appellate counsel.

{¶11} West's third proposed assignment of error is that:

The appellant was denied his due process right to a fair trial when the prosecution failed to disclose evidence favorable to an accused upon request.

{¶12} Through his third proposed assignment of error, West argues that the prosecutor violated his duty to disclose exculpatory material, as mandated by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to provide the affidavit for the fly-over search of the Scranton Road property. Specifically, West argues that because the fly-over affidavit was improper and employed to obtain the Scranton Road building search warrant, the building search warrant must be improper, and all subsequent searches must be suppressed.

{¶13} Initially, there exists a lack of record support. The affidavits and search warrants were not part of the appellate record. Because they are outside the record, we could not consider the affidavits and search warrants on direct appeal even if they did contain exculpatory evidence. *State v. Martin*, 151 Ohio App.3d 605, 2003-Ohio-735, 784 N.E.2d 1237 (3d Dist.); *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978). In addition, any *Brady* violation must be initially addressed by the trial court. *State v. Wood*, 2d Dist. Greene No. 2006 CA 1, 2007-Ohio-1027. West's third proposed

assignment of error is without merit and fails to establish ineffective assistance of appellate counsel.

{¶14} West's fourth proposed assignment of error is that:

Trial counsel was ineffective for waiving the evidentiary hearing and failing to assure the record contains the evidence reviewed by the trial court after challenging the fly-over thermal imaging, the unlawful search and seizure of property.

{¶15} West, through his fourth proposed assignment of error argues that trial counsel erred by failing to request an evidentiary hearing with regard to a motion to suppress vis-a-vis the affidavits and search warrants for the fly-over and subsequent search of the Scranton Road property.

{¶16} The decision to waive an evidentiary hearing, with regard to a motion to suppress, falls squarely within the realm of sound trial strategy and will not be second guessed absent demonstration that the strategy was unreasonable. *Strikland*, *supra*. In addition, with regard to a direct appeal and a claim of ineffective assistance of trial counsel, the record must demonstrate not only that trial counsel's performance fell below an objective standard of reasonableness, but also that the failure prejudiced the defendant. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶17} Herein, West has failed to demonstrate how he was prejudiced by the waiver of an evidentiary hearing with regard to a motion to suppress. Moreover, the testimony adduced at trial clearly demonstrated that the results of the fly-over search were merely inconclusive and that West's surreptitious movements and the extremely strong smell of marijuana, detected outside of the Scranton Road, property provided sufficient probable

cause for the physical search. (Tr. 188.) West's fourth proposed assignment of error is not well taken and fails to establish ineffective assistance of appellate counsel.

{¶18} West's fifth proposed assignment of error is that:

The trial court erred when it did not suppress the appellant's incriminating statements after conducting a hearing.

{¶19} West, through his fifth proposed assignment of error, argues that he did not waive his right against self-incrimination during the search of the Scranton Road property.

{¶20} The record clearly demonstrates that West was advised of his Miranda rights, specifically the right to remain silent:

Q.     By the way detective, do you see Todd West in the court here today?

A.     I do.

Q.     Point to him and describe what he's wearing?

A.     Long blue — long sleeve, light blue dress shirt on glasses.

MR. LAVELLE: Glasses. Okay. May the record reflect that the witness identified the defendant?

THE COURT: It may so reflect.

Q.     After identifying yourself as a police officer what did you do or say to the defendant?

A.     I told him we have a search warrant for the building and I advised him of his rights.

Q.     When you say you advised him of his rights, could you please tell the Court exactly what it was, these rights that you advised him?

A.     The right to remain silent; anything he said can and would be used

against them in court; right to an attorney, and if you cannot afford one, one would be provided for him.

Q.   Now detective, what did the defendant say after you advised him of these rights?

A.   I asked if he understood, and he said, yes.

Q.   Were you the first person to have contact with Todd West?

A.   I was.

* * *

Q.   And were you present when Detective Klamert Mirandized Todd West?

A.   I was.

Q.   And did you inquirey [sic] after being — well, did you hear Todd West's response to the — after he was advised of his Miranda rights?

A.   Yes.

Q.   What was that?

A.   I believe he just said, yes.

Q.   Being that he understood?

A.   Correct.

* * *

Q.   Who specifically, among the officers, advised him of his constitutional rights?

A.   That was Detective Klamert.

* * *

Q. Anybody threaten Mr. West?

A. No.

Q. Any officer threaten Mr. West?

A. No.

Q. And, again, he acknowledged understanding the Miranda rights which Detective Klamert had read to him in your presence?

A. Yes, he did.

(Tr. 164.)

{¶21} West was advised of his *Miranda* rights during the search of the Scranton Road property. Thus, West's fifth proposed assignment is without merit and fails to establish ineffective assistance of appellate counsel.

{¶22} West's sixth proposed assignment of error is that:

Trial court erred when it forfeited $2,700 of cash from appellant's residence without sufficient evidence the cash was obtained from illegal drug activity.

{¶23} West, through his sixth proposed assignment of error, challenges the forfeiture of $2,700 that was seized from his residence during the execution of a search warrant. We find the sixth proposed assignment of error well taken.[1]

{¶24} Generally, forfeiture is not favored in Ohio. *State v. Clark*, 173 Ohio

---

[1] App.R. 26(B)(1) provides in pertinent part as follows: "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence * * *." It would be a principled interpretation of the rule that the prepositional phrases "from the judgment of conviction and sentence" limits the scope of the application to reopen only to arguments that could affect the conviction or sentence. The state, however, has not raised this argument and we are unwilling, at this time, to limit the application of App.R. 26(B).

App.3d 719, 2007-Ohio-6235, 880 N.E.2d 150 (3d Dist.). The state must prove, by a preponderance of the evidence, that the seized property is subject to forfeiture. R.C. 2981.04(B) and 2981.02. An appellate court may not reverse the order of forfeiture where there exists in the record "some competent, credible evidence going to all the essential elements of the case."

{¶25} Herein, $2,700 was seized from a locked safe that was discovered in the basement of West's residence upon execution of a search warrant. The state's argument, in support of the seizure of the $2,700, is that "is it more likely that the money recovered was likely proceeds involved in a criminal offense."

{¶26} Ohio courts have long recognized that there exists no presumption that the possession of money is inherently illegal. *State v. Golston*, 66 Ohio App.3d 423, 584 N.E.2d 1336 (8th Dist.1990), citing *Chagrin Falls v. Loveman*, 34 Ohio App.3d 212, 517 N.E.2d 1005 (8th Dist.1986). In order to prove that money is subject to forfeiture, the state must demonstrate that it is more probable than not, from all of the circumstances, that West used the money in the commission of a criminal offense. *Id.* In the case sub judice, the testimony adduced at trial simply disclosed that, following a search of West's residence, money was discovered in a locked safe in the basement. The testimony adduced at trial also demonstrated that no drugs, drug paraphernalia, criminal tools, firearms, or other contraband were discovered within West's residence. In addition, during the separate forfeiture hearing, no evidence or testimony was adduced to demonstrate that the money seized from West's residence was even remotely related to

any type of drug activity.

{¶27} "General testimony that [money] was found in the home of one convicted of a drug offense without evidence of the presence of drugs or drug paraphernalia, is insufficient to prove any or all of the seized items were used in drug trafficking." *Golston* at 434. Thus, we find that West's sixth proposed assignment of error is well taken and that West was prejudiced by the failure of his appellate counsel to argue that the $2,700 was improperly forfeited to the state. The trial court erred by ordering the forfeiture of the $2,700 to the state.

{¶28} West's seventh proposed assignment of error is that:

Trial counsel was ineffective when he failed to present an affidavit of indigence prior to sentencing to waive the fine, or, in the alternative, impose a $15,000 fine when both counts are allied offenses and $7,500 is the maximum amount allowed.

{¶29} West, through his seventh assignment of error, argues that appellate counsel was ineffective by failing to present an affidavit of indigency, prior to sentencing, in order to waive the mandatory fines that totaled $15,000 entered with regard to the offenses of trafficking and manufacture or cultivation. However, West was not prejudiced by the failure of trial counsel to present an affidavit of indigency based upon our prior judgment, rendered in the direct appeal, that the offenses of trafficking and manufacture or cultivation were allied offenses of similar import and subject to merger.

{¶30} In West's original appeal, we ordered that

[t]he trial court's judgment is reversed as to its sentence on both the trafficking in drugs and [manufacture or cultivation] convictions, and the case is remanded for merger of the counts and the state's election of which

count to proceed on.

{¶31} Upon remand for correction of an allied offenses sentencing error, the trial court is required to conduct a new sentencing hearing for the offense or offenses that remain after the state elects which allied offense or offenses to pursue. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381. West may pursue the issue of an affidavit of indigency, in order to waive any possible fine, upon resentencing. Thus, the seventh proposed assignment of error is not well taken and fails to establish ineffective assistance of appellate counsel.

{¶32} Accordingly, we deny the application for reopening based upon proposed assignments of error one, two, three, four, five, and seven. We grant the application for reopening based upon proposed assignment of error six, reinstate the appeal to the docket of this court, vacate the order of forfeiture with regard to the $2,700 seized from West's residence, and order that the $2,700 be immediately returned to West.

{¶33} It is, therefore, ordered that West recover of the state his costs herein taxed.

{¶34} It is ordered that a special mandate be sent to said court to carry this judgment into execution.

{¶35} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, A.J., and

KATHLEEN ANN KEOUGH, J., CONCUR