[Cite as *State v. West*, 2014-Ohio-1523.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100445**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TODD WEST

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-548609-A

**BEFORE:** Stewart, J., S. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** April 10, 2014

**FOR APPELLANT**

Todd West, pro se
Inmate No. 604-897
Richland Correctional Institution
1001 Olivesburg Road
P.O. Box 8107
Mansfield, OH    44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Katherine Mullin
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Petitioner Todd West and his brother, Timothy, operated a large marijuana growing operation in a commercial building in the city of Cleveland. The lighting required to cultivate marijuana indoors gives off a great deal of heat that the police can identify on the infrared spectrum, so the police obtained a search warrant to conduct a flyover of the building and assess its heat-signature. The results of the flyover, along with other information gleaned through investigation, enabled the police to obtain a search warrant for the building, the execution of which uncovered hundreds of marijuana plants. A jury found West guilty of drug trafficking, drug possession, and possession of criminal tools.

{¶2} West appealed from the conviction and argued that the court erred by refusing to suppress the results of the flyover on grounds that the police failed to justify it. We found that trial counsel waived a hearing on the flyover issue. That waiver left the record on appeal so undeveloped (the affidavit in support of the search warrant was not in the record) that West could not prove that a search warrant was issued in error. *See State v. West*, 8th Dist. Cuyahoga Nos. 97398 and 97899, 2012-Ohio-6138, ¶ 25.

{¶3} While his direct appeal was pending, West filed a bare-bones petition for postconviction relief. He then amended his petition as a matter of right by raising two grounds for relief: trial counsel was ineffective for failing to question whether the flyover occurred before the warrant actually issued and that the affidavit filed with the request for a search warrant was based on hearsay. The state filed a brief in opposition

to the petition. Just four days after receiving the state's response, West sought leave to file a second amended petition for postconviction relief. The court denied leave, yet considered those claims anyway and proceeded to rule that all the claims for relief in the first and second amended petitions were barred by res judicata because the claims could have been raised on direct appeal. The court also found that even if it addressed West's claims for relief on the merits, those claims were meritless because it was obvious that the flyover was conducted on the same day that the court issued the flyover warrant; that hearsay can support an affidavit seeking a search warrant; and that the clerk of court's failure to locate the search warrant is not proof that the warrant did not issue.

{¶4} In this appeal, West sets forth five assignments of error that collectively challenge the court's refusal to grant postconviction relief. He argues that the court erred by finding the petition barred by res judicata and by failing to conduct a hearing on the petition. He also argues that, to the extent the court did consider the substantive claims for relief, it erred by finding that defense counsel was not ineffective for waiving a hearing on the motion to suppress evidence; that the court erred by finding that the police did obtain a warrant to conduct a flyover; and that even if a warrant for the flyover issued, it issued on less than probable cause. We find no error.

I

{¶5} Although not argued by either party, we find that the court should not have considered the claims raised in the second amended petition.

**{¶6}** West's arguments on appeal are based in part on the claims he raised in his second amended petition. He filed the second amended petition after the state filed a response to his first amended petition, so further amendment was possible only by leave of court. *See* R.C. 2953.21(F). The motion for leave, filed at the same time as the second amended petition, was inartfully titled — West called it a "motion for leave to amend the attached second amended post conviction petition." The court denied the motion for leave and at the same time it denied the second amended petition (albeit without issuing findings of fact and conclusions of law). *See* R. 74 and 75.

**{¶7}** When ruling on the merits of the petition for postconviction relief, the court stated that it would construe the motion for leave to file a second amended petition as a motion for leave to amend the original petition and denied it. Inexplicably, the court then said that it would consider the arguments raised in the second petition "for the benefit of Defendant."

**{¶8}** Having twice denied West's leave to file a second amended petition, the court should not have considered the claims in the second amended petition on the merits.

II

**{¶9}** We agree with the court that West's claims were barred by res judicata. Postconviction proceedings are not criminal in nature — they are "a collateral civil attack on the [criminal] judgment." *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994), citing *State v. Crowder*, 60 Ohio St.3d 151, 573 N.E.2d 652 (1991). To preserve the finality of judgments, the courts will not entertain in postconviction proceedings any

trial errors or any claimed lack of due process that was raised or could have been raised by the defendant at the trial. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶10} West has on multiple occasions challenged the effectiveness of trial counsel's performance in failing to raise issues relating to the flyover of the commercial building at trial. His motion to suppress evidence argued that the results of the flyover, which in turn were used to obtain a warrant to search the building, were "undocumented, vague and subject to interpretation." On direct appeal, we stated: "There was no hearing on the motion to suppress the evidence obtained from the thermal imaging flyovers and searches because trial counsel waived it, and the affidavits in support of the search warrant is [sic] not part of the record on appeal." *State v. West*, 2012-Ohio-6138, at ¶ 25. Having raised questions regarding the flyover in his motion to suppress evidence, West could also have raised the arguments that he now makes in postconviction proceedings: that there was no evidence to show that the flyover did not occur before the warrant authorizing it had actually issued; that there is no evidence to show that the flyover actually occurred; and that there were no copies of the affidavit submitted by the police when they asked for a search warrant to conduct a flyover. All of the facts going to these issues were available to West prior to trial, so they could have been raised in a motion to suppress evidence. Any argument that trial counsel failed to raise them could have been made on direct appeal, making them res judicata.

**{¶11}** The record also shows that West raised many of these same issues when he challenged the effectiveness of appellate counsel in failing to raise issues relating to the motion to suppress on direct appeal. In *State v. West*, 8th Dist. Cuyahoga Nos. 97398 and 97899, 2014-Ohio-198, *reopening disallowed*, Motion No. 463529, West argued that trial counsel was ineffective for waiving a hearing on the motion to suppress. Denying the motion to reopen the appeal, we specifically rejected on the merits his arguments that he was denied due process because the state failed to disclose favorable evidence; and that trial counsel was ineffective for waiving an evidentiary hearing on the motion to suppress evidence and failing to ensure that the record contained the evidence reviewed by the court in ruling on the motion to suppress evidence.

**{¶12}** An App.R. 26(B) application for reopening is a "collateral postconviction remedy[.]" *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 22. Consistent with our precedent that res judicata applies not only to direct appeals, but to all postconviction proceedings in which an issue was or could have been raised, *see State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 42 (8th Dist.), we find that all of the claims raised in the petition for postconviction relief were addressed in the application to reopen the appeal and are res judicata for purposes of the amended petition for postconviction relief.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR