[Cite as *State v. Waycaster*, 2020-Ohio-1604.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 108476 |
| v. | : | |
| NICHOLAS WAYCASTER, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** April 23, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-632463-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Tasha Forchione and David Elias, Assistant Prosecuting Attorneys, *for appellant.*

Nicholas Waycaster, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} The state of Ohio appeals the trial court order requiring the Parma Police Department to pay Nicholas Waycaster's mother Mamie Waycaster ("Mamie") $6,100.00, which related to the $6,659.00 that was forfeited by Waycaster in the final entry of his conviction. Waycaster was convicted of several

drug-related offenses resulting in the forfeiture of $6,100.00 that was recovered, at the time of Waycaster's arrest for drug-related charges, in a box containing Waycaster's personal belongings and a ledger noting several drug transactions. The box was located in a locked closet in the room Waycaster occupied in Mamie's house. Mamie claimed an interest in the cash that she claims to have earned as a waitress and had stored in the closet, although Mamie had not declared income sufficient to generate those savings in her tax returns during the pertinent time periods.

{¶ 2} During the pending criminal action, Mamie filed a motion "for the release of property," in which she claimed that $7,059.00 was not subject to forfeiture under R.C. 2941.1417(A) because the charging instrument (in this case the indictment) failed to specifically articulate the nature and extent of Waycaster's interest in the property. In other words, Mamie was attempting to challenge a defect in the indictment on behalf of Waycaster in an effort to secure the return of "seized" property. It appears, however, that Mamie's motion was an inartful attempt to invoke R.C. 2981.03(A)(4), which in pertinent part provides:

> If the motion is filed by a third party after an indictment, information, or complaint seeking forfeiture of the property has been filed, the court shall treat the motion as a petition of a person with an alleged interest in the subject property, pursuant to divisions (E) and (F) of section 2981.04 of the Revised Code.

The only connection between Mamie's "motion for release of property" and R.C. 2981.03(A)(4) is the fact that during the trial court's change-of-plea discussion, the trial court outlined the appropriate course of action to litigate any third-party claims against forfeited property, including the citations to the statutory sections that set

forth the procedure and standards.[1]  The motion immediately followed the hearing. Despite being provided in the statutory framework, Mamie's motion failed to specifically articulate the basis of her motion.  This caused considerable confusion amongst the parties.

{¶ 3}  After the state responded to Mamie's motion for release of property, based on arguments entirely derived from R.C. Chapter 2981, Waycaster pleaded guilty to several charges and agreed to forfeit $6,659.00.  A final entry of conviction, including the order of forfeiture, followed.

{¶ 4}  Because of the final order, the trial court's general jurisdiction was terminated. *See generally State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 20, quoting *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338, 1997-Ohio-340, 686 N.E.2d 267, and *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992).  However, Mamie's inartful motion filed under R.C. 2981.03(A)(4), arguably maintained the trial court's continuing jurisdiction over the ancillary proceeding in the criminal case.  *State ex rel. West. v. McDonnell*, 8th Dist. Cuyahoga No. 99085, 2013-Ohio-1043, ¶ 9.  R.C. 2981.03(A)(4) appears to preserve the trial court's jurisdiction to resolve the forfeiture issue under R.C. 2981.04(E)-(F) the same as R.C. 2981.04(E)(1) provides the mechanism to invoke the trial court's jurisdiction following a final entry of conviction.  The rule is one of convenience, dictating the treatment of premature motions to amend a forfeiture order — at the

---

[1] The proceedings were also divided by the retirement of the then sitting trial court judge who presided over the change-of-plea hearing.  All proceedings in Waycaster's case following the change of plea were conducted by the succeeding judge.

time of the motion under R.C. 2981.03(A)(4), there is no final entry of forfeiture to amend. At the least, the state has not objected to the trial court's assertion of continuing jurisdiction to resolve the forfeiture issue based on Mamie's motion to release property that was the subject of the forfeiture specification. The trial court conducted a hearing under R.C. 2981.04(E) and concluded that the Parma Police Department should release the $6,100.00 that had been forfeited. It is from this order that the state appealed.

{¶ 5} The state has a limited right to appeal final orders or judgments in criminal actions. Under R.C. 2945.67(A), the state may appeal, as a matter of right, decisions that grant a motion to dismiss, a motion to suppress evidence, a motion for postconviction relief, or a motion for the return of "seized property." All other appeals must be by leave of court as provided under App.R. 5(C). *Id.*

{¶ 6} The request for leave must be concurrently filed with the notice of appeal. *State v. Fisher*, 35 Ohio St.3d 22, 25, 517 N.E.2d 911 (1988). The failure to timely file a motion for leave to appeal is jurisdictional and cannot be corrected after the filing deadline expired. *State ex rel. Steffen v. Judges of the Court of Appeals for the First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 27 (the state failed to file the motion for leave concurrent with the notice of appeal, and therefore the trial court patently and unambiguously lacked jurisdiction); *State v. Roey*, 8th Dist. Cuyahoga No. 97484, 2012-Ohio-2207, ¶ 9 (failure to request leave when required is jurisdictional); *State v. Crawford*, 5th Dist. Richland No. 07 CA 8, 2007-Ohio-3516, ¶ 26. "If the state is required to seek leave for an appeal but fails

to timely do so, the appellate court never obtains jurisdiction over the matter." *State v. Powers*, 10th Dist. Franklin Nos. 15AP-422 and 15AP-424, 2015-Ohio-5124, ¶ 11, citing *Roey*.

{¶ 7} Concerned that the state had not properly invoked our jurisdiction in this particular case, we requested additional briefing to address the following:

> This action is an appeal from the trial court's decision to amend its forfeiture order under R.C. 2981.04(F). Under R.C. 2981.03, the state or political subdivision is authorized to seize and hold property under a grant of provisional title to the property, but title vests to the state upon the final forfeiture verdict. The appeal in this case was filed as a matter of right under R.C. 2945.67(A), presumably based on the ability of the state to appeal from a decision resolving a "motion for the return of seized property." However, a person may only seek the return of seized property before the prosecuting attorney files a charging interest. *State v. Williams*, 12th Dist. Warren No. CA2017-07-106, 2018-Ohio-226, ¶ 13; *State v. Bolton*, 2017-Ohio-7263, 97 N.E.3d 37, ¶ 15 (2d Dist.). Following the final forfeiture, any person may file a motion to "adjudicate the validity of the person's alleged interest" in the forfeited property. R.C. 2981.04(E)(1). The state is to file supplemental briefing addressing whether this appeal is as of right or if it required a timely motion for leave under R.C. 2945.67(A) based on the procedural posture of this case.

The state responded, claiming that it had a right to appeal the trial court's decision to amend the forfeiture order under R.C. 2981.04 because such an order is in the nature of a motion to return "seized" property under R.C. 2945.67(A).

{¶ 8} The state cited several cases in which the trial court's decision under R.C. 2981.04 was reviewed in a direct appeal in support of its claim to an appeal as a matter of right: *Bedford v. Doerner*, 8th Dist. Cuyahoga No. 98794, 2013-Ohio-1798, ¶ 12; *State v. Conn*, 12th Dist. Warren Nos. CA2014-04-059, CA2014-04-061, and CA2014-06-084, 2015-Ohio-1766, ¶ 61; *State ex rel. West*, 8th

Dist. Cuyahoga No. 99086, 2013-Ohio-1044, at ¶ 4; *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 69-70 (6th Dist.); *State v. Lawless*, 5th Dist. Ashland Nos. 17-COA-17 and 17-COA-20, 2018-Ohio-1471, ¶ 12. In all the cited cases, however, the state was not the party appealing the trial court's decision under R.C. 2981.04. None of the cited cases support the state's claim that an order amending the final order of forfeiture under R.C. 2981.04 in a criminal case constitutes a "motion to return seized property" under R.C. 2945.67(A). Further, the state has not proffered any other reason in support of our jurisdiction. App.R. 16(A)(7).

{¶ 9} A motion for the return of seized property is not the equivalent of a petition "to adjudicate the validity of the person's alleged interest" in forfeited property. The latter is the specific and solitary mechanism for third parties to challenge final orders of forfeitures under R.C. 2981.04(E).

{¶ 10} Under R.C. 2981.03(A)(1), the state acquires provisional title to property that is subject to forfeiture through a criminal proceeding. That provisional title expressly authorizes the state to "seize" and hold the property pending the forfeiture proceedings. R.C. 2981.03(A)(1); *State v. Williams*, 12th Dist. Warren No. CA2017-07-106, 2018-Ohio-226, ¶ 12. To put this into the context of the current proceeding, after the $6,100.00 was seized during Waycaster's arrest and the indictment that included the forfeiture specification was issued, the state held provisional title to the cash pending the outcome of the criminal proceedings. During that time, the state was entitled to "seize" and "hold" the $6,100.00 under

the grant of provisional title to the property. However, once the guilty plea resulted in a final forfeiture order, title to the property automatically vested with the state. R.C. 2981.03(A)(1); *Williams.* The forfeited property was no longer property of another being seized by the state under a provisional title. Any actions to claim title to that property following the final order of forfeiture must adhere to the procedures set forth in R.C. 2981.04(E).

{¶ 11} Under R.C. 2981.04(E), any person, other than the offender whose conviction is the basis of the forfeiture order, may petition the court that issued the forfeiture order for a hearing to "adjudicate the validity of the person's alleged interest" in the forfeited property within 30 days of receiving notice of the final order or publication or the order itself — in this case the final order of conviction. The alternative process is to file the same verified petition during the pending criminal action under R.C. 2981.03(A)(4) as was attempted in this case. However, the fact that the petition is filed during the pending criminal action does not transform the motion filed under R.C. 2981.03(A)(4) into a "motion to return seized property." R.C. 2981.03(A)(4) unambiguously establishes that any motions filed under that section adhere to the same procedures and remedies under R.C. 2981.04(E)-(F). The procedures under R.C. 2981.04(E) specifically contemplate that the final entry of forfeiture has been rendered. Thus, the motion filed under R.C. 2981.03(A)(4) merely invokes the trial court's continuing jurisdiction to resolve a petition to adjudicate the validity of a person's alleged interest in forfeited property following the conclusion of the criminal proceedings. It does not create a procedure for the

return of seized property before the forfeiture specifications have been resolved. The petition remains pending until after the forfeiture specification is resolved.

{¶ 12} R.C. 2981.04(E) grants the trial court limited jurisdiction to amend the final forfeiture order under the procedures set forth in that statutory section. If, after the hearing, the court determines that the interested person proved by a preponderance of the evidence that the interest in the property vested in the petitioner and not the offender, the trial court "shall amend its forfeiture order" under R.C. 2981.04(F)(1).

{¶ 13} The legislature has unambiguously delineated the dividing line between what property is considered "seized" and that which is "forfeited." The state holds provisional title to "seized" property pending "forfeiture." The legislature is aware of the distinction between "seized" and "forfeited" property and has delineated as much in other sections of the Revised Code. *See* R.C. 2981.11(A)(1) (noting in the disjunctive that any property lawfully "seized or forfeited" must be maintained by the state), *compare* R.C. 2967.45(A) (noting that the state has the right to appeal the granting of a motion for the return of "seized" property). Further, the remedy provided under R.C. 2981.04(F)(1) is for an amendment to the forfeiture order, so that the final decision in this case is in the nature of an amendment, not the return of "seized" property. R.C. 2945.67(A) must be "strictly construed[,] and any appeal in a criminal case taken by the state as of right must strictly comply with the provisions of the statute." *State v. Mitchell*, 6th Dist. Lucas No. L-03-1270, 2004-Ohio-2460. The order being appealed in this case is in the nature of returning

"forfeited" property to its rightful owner through the procedural mechanism of R.C. 2981.04 that permits the trial court to amend the final forfeiture order.

{¶ 14} The legislature has not expressly authorized the state to file an appeal as of right from an order amending a final forfeiture under R.C. 2981.04(F) in a criminal case. Further, the state has not sought leave for this appeal as required under App.R. 5(C) and R.C. 2945.67(A). As a result of the foregoing, we lack jurisdiction to consider the merits of the state's claims. This appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, A.J., and
MARY EILEEN KILBANE, J., CONCUR